FORM 1. Notice of Appeal from a United States Federal Court (District Court, Court of Appeals for Veterans Claims, Court of Federal Claims (non-vaccine appeals), and Court of International Trade)   Form 1   March 2023

# UNITED STATES
# COURT OF APPEALS FOR VETERANS CLAIMS

## NOTICE OF APPEAL

Notice is hereby given that the appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Case number being appealed: 25-1002

Case title being appealed: Shannon M. Kline  v. Douglas A. Collins

Date of final judgment or order being appealed: 10/23/2025

**List all Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

Shannon M. Kline

Date: 10/23/2025

Signature: /s/ Benjamin R. Binder

Name: Benjamin R. Binder

Address: P.O. Box 47386

Tampa, FL 33646

Phone Number: (813) 647-5371

Email Address: ben@binderandwatson.com

# General Docket
## United States Court of Appeals for Veterans Claims

| | |
|---|---|
| **Case Number:** 25-1002<br>Shannon M. Kline v. Douglas A. Collins<br>**Appeal From:** Department of Veteran Affairs<br>**Fee Status:** dfh | **Docketed:** 02/10/2025 |

**Case Type Information:**
  1) Petition
  2) -
  3) -

Shannon M. Kline
  Petitioner



True Copy
By: _Kelly Saah_
Deputy Clerk

Benjamin R. Binder, Esq., Attorney
Direct: 813-647-5371
[COR LD NTC]
Firm: 813-647-5371
Law Office of Benjamin R. Binder, Esq.
P.O. Box 47386
Tampa, FL 33646

Wesley A. McCauley, Non-Attorney
Direct: 229-270-1571
[COR NTC]
Firm: 229-270-1571
United Veteran's Disability, LLC
100 N. Patterson St., Ste. 52
Valdosta, GA 31601

v.

Douglas A. Collins, Secretary of Veterans Affairs
  Respondent

Matthew D. Showalter, Esq., Attorney
Direct: 202-632-5601
[COR LD NTC]
Firm: 202-632-5601
Department of Veterans Affairs, OGC (027)
810 Vermont Avenue, N.W.
Washington, DC 20420

OGC-ICM2, Non-Attorney
Direct: 202-632-7110
[COR NTC]
Department of Veterans Affairs, OGC (027)
810 Vermont Avenue, N.W.
Washington, DC 20420

| | | |
|---|---|---|
| 02/10/2025 |  | Petition for extraordinary relief (SRS) |

| Date | | Entry |
|---|---|---|
| 02/10/2025 | 📄 | Declaration of Financial Hardship (SRS) |
| 02/10/2025 | 📄 | Appearance of Attorney(s) Benjamin R. Binder for party(s) Petitioner Shannon M. Kline, in case 25-1002 as lead counsel (SRS) |
| 02/10/2025 | 📄 | Appearance of Attorney(s) Wesley A McCauley for party(s) Petitioner Shannon M. Kline, in case 25-1002 as co-counsel (SRS) |
| 02/10/2025 | 🔒 | Fee Agreement (SRS) |
| 02/13/2025 | 🔒 | Notice of Docketing for petition for extraordinary relief (SRS) |
| 02/13/2025 | | Assigned case to Judge Toth (SL) |
| 02/19/2025 | 📄 | Appearance of Matthew D Showalter for Douglas A. Collins, in case 25-1002 as lead counsel (MDS) |
| 02/24/2025 | 📄 | Request for Class Certification and Class Action (BRB) |
| 02/24/2025 | 📄 | Declaration of Financial Hardship (BRB) |
| 02/24/2025 | 📄 | ORDERED that, within 30 days after the date of this order, the Secretary will respond to Ms. Kline's petition, addressing its specific allegations and providing any information and documentation pertinent to the Court's resolution of the matter. It is further ORDERED that this order shall be automatically revoked if Ms. Kline moves to dismiss her petition before the Secretary files a response. (TOTH) (KS) |
| 02/27/2025 | 📄 | RECEIVED - Motion of Petitioner to consolidate case *with U.S. Vet. App. 25-1184 under this docket* (Correct entry below)--[Edited 02/27/2025 by KS] (BRB) |
| 02/27/2025 | 📄 | Opposed motion of Petitioner to consolidate case *with U.S. Vet. App. 25-1184, under this docket* (BRB) |
| 03/05/2025 | 📄 | ORDERED that the motions to consolidate in No. 25-1002 and No. 25-1184 are denied. (TOTH) (DNF) |
| 03/07/2025 | 📄 | Motion of Petitioner for reconsideration by single judge *Joint Motion for Reconsidration Pursuant to FRCP 56(b)* (WAM) |
| 03/11/2025 | 📄 | ORDERED that Shannon M. Kline and Tommie J. Wallace's March 7, 2025, motions for reconsideration are denied. (TOTH) (KS) |
| 03/25/2025 | 📄 | Response by Respondent (MDS) |
| 04/07/2025 | 📄 | Opposed motion of Petitioner for leave to file *a response to Secretary's 03/25/2025 Response* (WAM) |
| 04/07/2025 | 📄 | Notice or other pleading by Petitioner *Solze Notice of other Potential Class Members* (WAM) |
| 04/08/2025 | 📄 | Response by Respondent *Opposition to Petitioner's Motion for Leave* (MDS) |

| Date | | Description |
|---|---|---|
| 04/15/2025 | 📄 | It is ORDERED that this case is submitted to the panel of Chief Judge Allen, Judge Pietsch, and Judge Toth. (RG) |
| 04/17/2025 | 📄 | Notice or other pleading by Petitioner *Solze notice updating the Court as to a third AOD Motion and healthcare developments of Petitioner* (WAM) |
| 04/17/2025 | 🔒 | Sealed document filed *Solze Notice* (WAM) |
| 04/18/2025 | 📄 | PER CURIAM ORDERED, by the panel, that the petitioner's motion for leave to file a reply to the Secretary's March 25, 2025, response is DENIED. It is further ORDERED that, within 30 days from the date of this order, the Secretary will respond to Ms. Kline's RCA, addressing its specific allegations and providing any information and documentation pertinent to the Court's resolution of the matter. (ALLEN, PIETSCH and TOTH) (KS) |
| 05/19/2025 | 📄 | Motion of Respondent to ext time to file response to Court Order until 07/03/2025. (MDS) |
| 05/22/2025 | 📄 | Judge's stamp order, for the panel, granting motion to extend time to file response to Court Order to 7/3/25 (TOTH) (KS) |
| 06/17/2025 | 📄 | Notice or other pleading by Respondent *Solze Notice* (MDS) |
| 06/21/2025 | 📄 | Notice or other pleading by Petitioner *Solze Notice* (WAM) |
| 07/03/2025 | 📄 | Response by Respondent *Class Action Response* (MDS) |
| 07/15/2025 | 📄 | Notice or other pleading by Petitioner *Solze Notice-FOIA Request for AOD Statistics* (WAM) |
| 09/19/2025 | 📄 | Notice or other pleading by Petitioner *Solze- FOIA Response* (WAM) |
| 10/01/2025 | 📄 | PER CURIAM: ORDERED that this action is DISMISSED as moot. (ALLEN, PIETSCH and TOTH) (Toth, Judge, concurring in part, dissenting in part) (SM) |
| 10/23/2025 | 📄 | Judgment (KS) |
| 12/19/2025 | 📄 | Petitioner's Notice of Appeal to the U.S. Court of Appeals for the Federal Circuit (BRB) |
| 12/22/2025 | 📄 | Letter regarding the U.S. Court of Appeals for the Federal Circuit filing fee $600 (KS) |
| 01/14/2026 | | RECEIVED: U.S. Court of Appeals for the Federal Circuit filing fee ($600) (AAM) |
| 01/15/2026 | 📄 | Petitioner's Notice of Appeal transmitted to U.S. Court of Appeals for the Federal Circuit (KS) |

UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 25-1002

S℻annon M. Kline, Petitioner,

v.

Douglas A. Collins,
Secretary of Veterans Affairs, Respondent.

Before ALLEN, *Chief Judge*, and PIETSCH and TOTH, *Judges*.

**O R D E R**

ALLEN, *Chief Judge*, filed the opinion of the Court. TOTH, *Judge*, filed an opinion concurring in part and dissenting in part.

Petitioner Shannon M. Kline served the Nation honorably in the U.S. Navy from June 1999 to March 2003.[1] Petitioner, through counsel, requests extraordinary relief in the form of a writ of mandamus directing the Secretary to advance her appeal on the Board of Veterans' Appeal's docket under 38 U.S.C. § 7107(b) or "disclose the criteria for 'seriously ill' that is required for advancement on the docket."[2] Petitioner also requests certification of a class of individuals with an appeal pending before the Board who filed a motion to advance their appeal due to serious illness, and whose motions were denied "on the basis that such [v]eteran is not 'seriously ill' with no explanation of what standard is being used for the 'seriously ill' standard."[3] However, as we explain below, we cannot address the merits of petitioner's arguments because (1) her individual claim is moot and became so before we certified any class; and (2) the inherently transitory exception to mootness does not apply to the claim before us. So, we will not reach the class certification question or the merits of the claim that petitioner has asserted. Instead, we will dismiss this action as moot.

**I. BACKGROUND**

Petitioner has multiple service-connected disabilities, including a panic disorder, impairment of rectal sphincter control associated with irritable bowel syndrome, and urinary stress incontinence associated with total abdominal hysterectomy.[4] In September 2024, the decision review operations center (DROC) increased petitioner's rating for impairment of rectal sphincter control from 60% disabling to 100% disabling effective July 2, 2024.[5] The DROC also increased

---

[1] Petition for extraordinary relief in the form of a writ of mandamus (Pet.) at 1.

[2] *Id.*

[3] Petitioner's request for class certification and class action (RCA) at 1-2.

[4] Pet. Ex. A.

[5] Pet. Ex. C.

petitioner's special monthly compensation (SMC) based on aid and attendance/housebound status effective July 2, 2024.[6] Petitioner filed a Notice of Disagreement on September 27, 2024, seeking an earlier effective date and an increased level of SMC and selected the Board hearing docket.[7]

In November 2024, petitioner filed a motion for advancement on the Board's docket, arguing that she was entitled to advancement under section 7107(b) because she had been diagnosed with a serious illness.[8] Petitioner attached a private medical opinion that noted that she "suffers from severe consequences of her PTSD where she has irritable bowel syndrome, internal hemorrhoids, and fecal incontinence" and that concluded that she "is seriously ill, and her activity of daily functions and quality of life are considerably impacted."[9] The Board denied the motion, finding that "[t]here is insufficient supporting medical evidence to demonstrate that you have an illness so serious or grave in nature that advancement is warranted."[10] But the Board also indicated it would consider another motion to advance her appeal if petitioner "submit[ted] additional evidence supporting advancement and set forth succinctly the grounds for consideration."[11]

Petitioner filed a second motion for advancement but failed to enclose any additional evidence or raise any new arguments.[12] The Board denied the second motion on December 18, 2024, again noting insufficient medical evidence of a serious illness or evidence of severe financial hardship.[13] Petitioner filed this action on February 10, 2025, followed by the Request for Class Certification and Class Action (RCA) 2 weeks later.

Petitioner requests a writ directing the Secretary to "advance her appeal before the Board, or to order the Board to disclose the criteria for 'seriously ill' that is required for advancement on the docket."[14] Petitioner argues that the Board arbitrarily refused to grant her first two motions for advancement even though she was "entitled to" advancement based on the "letter from a competent medical authority, evidencing the [v]eteran's seriously ill state."[15] Moreover, petitioner argues that the Board abused its discretion in rejecting the motions based on an "undisclosed standard" for how it defines "seriously ill."[16] In response to the petition, the Secretary contended that petitioner

---

[6] *Id.*

[7] Pet. Ex. D.

[8] Pet. Ex. E. Ordinarily, "each case before the Board will be decided in regular order according to its respective place on the docket to which it is assigned by the Board." 38 U.S.C. § 7107(a)(4). However, section 7107(b) allows advancement on the docket for "cause shown." 38 U.S.C. § 7107(b). Advancement may be appropriate in cases involving the interpretation of generally applicable laws affecting other claims, serious illness or severe financial hardship, or when other sufficient cause is shown. 38 U.S.C. § 7107(b)(3).

[9] *Id.*

[10] Pet. Ex. F.

[11] *Id.*

[12] Pet. Ex. G.

[13] Pet. Ex. H.

[14] Pet. at 1.

[15] Pet. at 7-8.

[16] Pet. at 8, 10.

2

was not entitled to advancement on the docket, focusing his argument on the discretionary nature of the Board's decision in the advancement context.[17] The Secretary also argued that a writ is not appropriate because the Board did not unreasonably delay in adjudicating petitioner's appeal, particularly given petitioner's choice to request a hearing.[18] Further, the Secretary maintained that petitioner failed to exhaust her administrative remedies before she filed her petition because she had not yet requested advancement on the docket based on financial hardship under section 7107(b)(3)(B).[19]

On April 15, 2025, petitioner did just that, filing yet another motion for advancement on the Board's docket.[20] In her third motion for advancement, she argued that she was entitled to advancement on the docket due to her severe illness and financial hardship.[21] Petitioner submitted additional documentation including a personal statement explaining that she required surgery related to a service-connected disability but could not afford it, a statement from her doctor detailing the need for urgent surgery, and a financial status report.[22] The Board granted this third motion on June 4, 2025, and scheduled a hearing on petitioner's claim for September 5, 2025.[23] Petitioner subsequently informed the Court that her case was advanced on the docket so her petition was moot, but she contended that her RCA remained ripe for adjudication.[24]

On July 3, 2025, the Secretary responded to petitioner's RCA. The Secretary argued that because petitioner's claim was advanced on the docket, and no exception to mootness applies, the only claim before the Court is moot and we should dismiss this action.[25] We agree. Because petitioner's claim became moot before a class was certified, and no exception to mootness applies, we cannot reach the class certification question or address the merits of her claim. We must dismiss this action for lack of jurisdiction.

## II. ANALYSIS

Petitioner claims that because she submitted evidence showing she was seriously ill according to a medical provider in her first and second motions to advance her claim, she was entitled to relief under section 7107(b)(3)(B).[26] She also complains that the Board failed to explain its interpretation of "seriously ill" when denying those motions or why petitioner was not "seriously ill" as to warrant advancement.[27] To clarify this definition, petitioner seeks to certify a

---

[17] Secretary's Response (Resp.) to Pet. at 11. This Court denied petitioner's request for leave to reply to the Secretary.

[18] *Id.*

[19] *Id.* at 8.

[20] Petitioner's April 17, 2025, *Solze* Notice, Ex. A.

[21] *Id.*

[22] *Id.*

[23] Secretary's June 17, 2025, *Solze* Notice, Ex. B, C.

[24] Petitioner's June 21, 2025, *Solze* Notice.

[25] Secretary's Resp. to Petitioner's RCA at 2-3.

[26] Pet. at 7-8.

[27] Pet. at 10.

3

class of individuals who filed motions for advancement that were denied "on the basis that such [v]eteran is not 'seriously ill' with no explanation of what standard is being used."[28]

There is no question that under the All Writs Act, this Court has authority to issue extraordinary writs in aid of its prospective jurisdiction.[29] It is equally clear that the Court may certify classes in appropriate cases.[30] But before we do anything, we have to assure ourselves that the Court has jurisdiction to act.[31] As we explain below, we don't have jurisdiction to consider petitioner's request to certify a class or to act on the merits of her claims because this action is moot.

### A. Petitioner's Individual Claim is Moot.

This Court has adopted the U.S. Constitution's Article III case-or-controversy requirements, which include mootness.[32] The inquiry about mootness is straightforward: "[T]he Court has an independent duty to ensure that a case or controversy still exists. If an appellant receives the benefit or relief sought before the Court reaches a decision, the case becomes moot and the appeal must be dismissed."[33]

Here, petitioner asked us to advance her appeal on the Board's docket.[34] But petitioner has received the relief she asked us to provide her because the Board granted petitioner's third motion to advance her appeal on the docket.[35] Because petitioner received the relief she requested, her claim is moot.[36] Indeed, this matter is not in contention because petitioner agrees her individual claim is moot.[37]

But what about the pending RCA? In a class action, if the case becomes moot as to the individual claimant *after* a class is already certified, the case survives so long a member of the certified class still has a live claim.[38] But if the individual's case becomes moot *before* class

---

[28] RCA at 1-2.

[29] 28 U.S.C. § 1651(a); *see Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998).

[30] *See* U.S. VET. APP. R. 22, 23.

[31] *See*, *e.g.*, *Foster v. McDonough*, 34 Vet.App. 338, 351 (2021); *Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019) (per curiam order).

[32] *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990).

[33] *Philbrook v. Wilkie*, 32 Vet.App. 342, 345 (2020) (citation omitted), *rev'd on other grounds*, 15 F.4th 1117 (Fed. Cir. 2021); *see Hamill v. McDonough*, 37 Vet. App. 65, 71 (2023), *appeal docketed sub nom. Hamill v. Collins*, No. 24-1543 (Fed. Cir. Mar. 6, 2024); *Monk v. Wilkie*, 32 Vet.App. 87, 97 (2019) (en banc order), *aff'd in part, dismissed in part sub nom. Monk v. Tran*, 843 F. App'x 275 (Fed. Cir. 2021); *Godsey v. Wilkie*, 31 Vet.App. 207, 218 (2019) (per curiam order); *Thomas v. Brown*, 9 Vet.App. 269, 270 (1996) (per curiam order); *Mokal*, 1 Vet.App. at 15.

[34] Pet. at 1.

[35] Secretary's June 17, 2025, *Solze* Notice, Ex. B.

[36] *See Hamill*, 37 Vet. App. at 71.

[37] Petitioner's June 21, 2025, *Solze* Notice at 1.

[38] *Freund v. McDonough*, 114 F.4th 1371, 1379 (2024).

certification, the class action is generally also moot, unless an exception applies.[39] Here, we have not certified a class, so the pendency of the RCA does not allow us to proceed unless there is an exception to the general rule.[40] We turn to that question next.

### B. The Inherently Transitory Exception to Mootness Does Not Apply.

Petitioner contends that the inherently transitory exception to mootness applies such that we may proceed to consider the RCA and the petition on the merits.[41] As the Federal Circuit has explained, "the Supreme Court has recognized that '[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'"[42] When the inherently transitory exception applies, the relation back doctrine allows a court to consider the mootness question "as it stood when the complaint was filed."[43]

The key feature in terms of determining whether a certain claim is inherently transitory is uncertainty about whether such a claim would remain a live one such that a court would ever be able to reach the merits.[44] In that vein, we have described the doctrine as dealing with claims that are "unavoidably time-sensitive" and "acutely susceptible to mootness."[45] At base, the exception is one rooted in practicality. When a claim is, by its very nature, so likely to be resolved before a court can reach the merits, we allow consideration of the merits, so long as the matter was not moot when the case was filed.

The claim at issue in the Federal Circuit's recent decision in *Freund* is an excellent example of the type of claim that is inherently transitory. In that case, an error in a VA computerized docketing system inadvertently closed more than 3,000 legacy appeals before the Board acted on them.[46] Two claimants whose appeals were improperly closed filed (1) a petition for a writ of mandamus asking this Court to reopen their appeals and (2) an RCA concerning a class of other claimants whose appeals had also been inappropriately closed.[47] But within 2 weeks of filing the petition, VA reactivated the appeals of the named petitioners (the proposed class representatives)

---

[39] *Id.* (citing *United States v. Sanchez-Gomez*, 584 U.S. 381, 386 (2018)).

[40] *Freund,* 114 F.4th at 1379.

[41] Petitioner's June 21, 2025, *Solze* Notice at 2.

[42] *Freund*, 114 F.4th at 1379 (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980)).

[43] *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *Freund,* 114 F.4th at 1379; *Godsey,* 31 Vet.App. at 219.

[44] *Unan v. Lyon*, 853 F.3d 279, 287 (6th Cir. 2017) (noting that the inherently transitory exception applied when a named plaintiff does not know whether her claim will remain live long enough to certify a class); *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 158-59 (6th Cir. 2010) ("The crux of the 'inherently transitory' exception is the uncertainty about the length of time a claim will remain alive."); *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76-77 (2013) (discussing the exception an noting that it deals with "the fleeting nature of the challenged conduct giving rise to the claim").

[45] *Hamill*, 37 Vet. App. at 75 (quoting *Godsey*, 31 Vet.App. at 218).

[46] *Freund*, 114 F.4th at 1375.

[47] *Id.*

5

and their individual claims became moot.[48] Importantly, it was not mere chance that VA reactivated the named petitioners' administrative appeals. Rather, the Secretary's policy was to reactivate any erroneously closed appeal as soon as the error became known.[49] The Federal Circuit found that the claim at issue was inherently transitory because any claimant who sought to have a court address the wrongful appeal closing issue would, under the Secretary's policy of reactivation, never have that claim remain live long enough to receive a judicial decision.[50] In other words, any individual claim would quickly and unavoidably become moot, so, without an exception, the challenged conduct would be effectively unreviewable.

The situation we face today stands in marked contrast to the classic example the Federal Circuit dealt with in *Freund*. It is true that petitioner received the relief she sought from the Secretary, advancement on the Board's docket, before this Court could rule on the RCA or address the merits of the petition. Critically, however, the Board did not quickly grant this relief on its own initiative, as was the case in *Freund*.[51] Instead, the Board acted in a way that mooted petitioner's claim because *petitioner* filed a third motion to advance her appeal before the Board.[52] Without this third motion, there is no indication whatsoever that the Board would have reconsidered its denial of petitioner's earlier motions or otherwise acted to advance her appeal on the docket *sua sponte*. In short, petitioner's own action, not any Board process or policy, caused the Board to grant her relief and mooted her individual claim. There simply is nothing in the nature of the claim in this case that goes to the rationale for the inherently transitory exception—uncertainty that the very nature of the claim will make it difficult for a court to ever reach the merits of that type of claim.[53] Practically speaking, there is no such uncertainty here. Without any action on her part, petitioner's interest would have remained unchanged until the Court adjudicated her petition.

In addition to considering the nature of the claim here in the abstract, we have the rather unusual opportunity to have a concrete example that makes it clear that questions related to motions for advancement on the docket are not so fleeting that they generally evade judicial review. In *Heller v. McDonough*, petitioner sought a writ of mandamus to advance his claim on the docket.[54] Mr. Heller filed his petition in May 2024.[55] The Court ordered the Secretary to

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (holding that a Medicaid beneficiary's claim for increased benefits was inherently transitory because any request would likely be processed within 28 days, which is generally not enough time to sue and obtain class certification); *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) (finding the appellant's claims inherently transitory because the claimant's application for public benefits would almost always be processed before a plaintiff could obtain relief through litigation).

[52] Secretary's June 17, 2025, *Solze* Notice, Ex. A.

[53] *See Unan*, 853 F.3d at 287.

[54] 38 Vet.App. 75, 79 (2024) (per curiam order).

[55] *Id.*

6

respond, which he did on June 26, 2024.[56] The Court issued a single-judge order on July 16, 2024.[57] Thereafter, Mr. Heller filed a motion for reconsideration, and the Court ordered the Secretary to respond.[58] The Court eventually granted the motion for reconsideration, withdrew the single-judge order, and referred the matter to a panel for issuance of a precedential order.[59] Finally, in November 2024, the Court issued a precedential order granting-in-part and dismissing-in-part the petition.[60]

While no single case provides a brightline rule, comparing *Heller* with *Freund* is telling. In *Freund,* there simply was no way a court could ever move fast enough to reach the merits of the claim concerning inappropriately closed appeals. The moment an individual sought judicial assistance due to an inappropriately closed appeal (or informed VA of the inappropriate closing), VA reactivated the appeal. But *Heller* shows that the Court is fully able to reach the merits of a claim related to advancement on the docket. Indeed, the Court issued two decisions in *Heller* with no indication that the claim may become moot. And here, what distinguishes Ms. Kline's situation from that of Mr. Heller is not the nature of the claim. The claims are functionally the same. Rather, the distinguishing feature is that Ms. Kline elected to take an action that required the Board to respond. That is why her claim was advanced on the docket. The mooting of the claim had nothing to do with the claim being inherently unlikely to remain live long enough for a court to act.

In short, petitioner's claim does not fall within the inherently transitory exception to mootness. Without an exception, the pendency of the RCA does not prevent the action from becoming moot.[61] And that means we have only one course of action: to dismiss this appeal.

### III. CONCLUSION

The Board granted petitioner the relief she sought in this Court through her petition—advancement on the Board's docket. Her individual claim is therefore moot. And because a class was not yet certified at the time petitioner's individual claim became moot, the only way we could proceed would be if an exception to the mootness doctrine applies. However, the inherently transitory exception to mootness, the only exception that could conceivably apply, does not. That means that we lack jurisdiction to consider the RCA or the petition on the merits.

---

[56] *Id.* at 80.

[57] *Id.* at 81.

[58] *Id.*

[59] *Id.* at 82.

[60] *Id.* at 79. It's also worth mentioning that the Court also considered something akin to advancement on the docket in *Wiggins v. Collins*. The issue was whether claims should be expedited under 38 U.S.C. § 7112(b). No. 24-4591, __ Vet.App. __, 2025 WL 2210320 (Aug. 1, 2025) (per curiam order). Ms. Wiggins petitioned the Court for a writ in July 2024, which, after hearing oral argument, we denied in August 2025. As in *Heller*, there is nothing to suggest that a claim concerning expediting an appeal before the Board is inherently unlikely to remain live long enough for a court to act. In fact, the case suggests the opposite.

[61] There is no suggestion that this is a case of "picking off," a situation in which a party acts to moot a claim as a litigation strategy. *See Freund*, 114 F.4th at 1380, n.8. As we have discussed, petitioner's claim became moot only after she prompted the Agency to act.

Upon consideration of the foregoing, it is

ORDERED that this action is DISMISSED as moot.

DATED: October 1, 2025                                                                             PER CURIAM.

TOTH, *Judge*, concurring in part, dissenting in part: Whether the class meets the inherently transitory exception is a close call, and, although I generally don't disagree with my colleagues' analysis, I would sooner address the class certification petition on the merits rather than invoke mootness. The time sensitive nature of the motions to advance on the docket render them well-disposed to the inherently transitory exception. *See Freund v. McDonough*, 114 F.4th 1371, 1376 (Fed. Cir. 2024) (defining an inherently transitory claim).

However, I would deny certification on grounds that class certification is not appropriate under Rule 23(a)(5), which requires the Secretary to have "acted or failed to act on grounds that apply generally to the class, so that final injunctive or appropriate relief is appropriate respecting the class as a whole." U.S. VET. APP. R. 23(a)(5). Here, the petition requests this Court to order the Secretary to provide notice of how the Agency defines "serious illness" under 38 U.S.C. § 7107(b) for assessing motions to advance on the docket. But there has been no refusal to act on the Secretary's part because no party has yet requested that the Secretary engage in rulemaking to publicly disclose the criteria by which VA assesses whether a claimant seeking to advance on the docket can be deemed "seriously ill" under section 7107(b). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (noting that analysis of Rule 23 requirements "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."); *see also Bowling v. McDonough*, 38 F.4th 1051, 1062 n.6 (Fed. Cir. 2022) (explaining that "an evident avenue to pursue [modification of a regulation] is to file with VA a petition for rulemaking . . . and, if necessary, to seek judicial review").

Mandamus is an extraordinary remedy and is not appropriate where other viable avenues for relief exist. Beyond any possible remedy under 38 U.S.C. §§ 501 (the Secretary's sua sponte rulemaking) and 502 (judicial review of VA's rules and regulations at the Federal Circuit), the parties seeking class certification can seek recourse under 5 U.S.C. § 553(e) by petitioning VA to engage in rulemaking that discloses how it adjudicates motions to advance on the docket. Denials of such petitions are subject to judicial review. *Preminger v. Sec'y of Veterans Affs.*, 632 F.3d 1345 (Fed. Cir. 2011). The petitioner has taken no actions requesting rulemaking, and mandamus is not the appropriate avenue to initiate such rulemaking. And because mandamus ordering the Secretary to disclose the criteria used to assess whether a claimant is seriously ill under section 7107(b) is not appropriate relief for an individual claimant, there are no grounds to believe that such relief would be appropriate on a class-wide basis in line with Rule 23(a)(5).

So, I concur that Ms. Kline's petition is moot but dissent insofar as I would deny rather than dismiss the class certification motion.

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS
625 Indiana Avenue, NW, Suite 900
Washington, DC 20004-2950

January 15, 2026

Mr. Jarrett B. Perlow, Clerk
U.S. Court of Appeals for the Federal Circuit
717 Madison Place, NW
Washington, DC 20439

                    RE:    SHANNON M. KLINE V. DOUGLAS A. COLLINS
                             OUR CASE NO. 25-1002

Dear Mr. Perlow:

      Enclosed is a notice of appeal to your Court. It was filed by this Court on December 19, 2025. The judgment of this Court was entered on October 23, 2025.

      A total of 57 days elapsed between judgment and filing of the appeal. Section 7292(a), Title 38, United States Code, requires that a notice of appeal of the decision of this Court be filed within the time prescribed for appeal to the United States courts of appeals from United States district courts, which is 60 days where the United States is a party.

                                                    TIFFANY M. WAGNER
                                                    Clerk of the Court

                                                    By: /s/ Kelly Saah
                                                    Deputy Clerk

Enclosures:        Notice of Appeal
                          Order
                          Certified docket entries