IN THE UNITED STATES COURT OF APPEALS
FOR VETERANS CLAIMS

| | |
|---|---|
| SHANNON M. KLINE,<br>    Petitioner,<br>v.<br><br>DOUGLAS A. COLLINS,<br>Secretary of Veterans Affairs,<br>    Respondent. | Docket No. 25-1002 |

### *SOLZE* NOTICE

Petitioner, Shannon M. Kline, notifies this Court that the Board has issued a decision on the claims related to the petition, awarding a 100% rating for rectal sphincter control from August 14, 2018, to July 1, 2024, and awarded special monthly compensation (SMC) schedule l and r1.

This Court has directed that, in all cases before it, the parties are under a duty to notify the Court of developments that could "otherwise affect its decision." *See Solze v. Shinseki*, 26 Vet. App. 299, 301 (2013). This duty is continuing and encompasses "any development which *may conceivably affect*" the Court's decision in a case. *Id.* at 302 (emphasis in *Solze*).

This case involved the Board's decision not to advance Ms. Kline's appeal on the basis of serious illness. The appeal has now concluded with the Board granting a 100% rating for renal leakage as well as SMC(l) and (r1).

**WHEREFORE**, Ms. Kline gives notice to this Court that the Board issued a decision on her appeal.

Page **1** of **3**

This January 22, 2026.

                                    Respectfully submitted,

                                    /s/ Benjamin R. Binder
                                    **BENJAMIN R. BINDER, ESQ.**
                                    Binder and Watson Law Group
                                    Counsel for Appellant
                                    P.O. Box 47386
                                    Tampa, FL 33646-0102
                                    Telephone: (813) 647-5371

Attachment 1

Page **3** of **3**



# BOARD OF VETERANS' APPEALS

FOR THE SECRETARY OF VETERANS AFFAIRS

WASHINGTON, DC 20038

Date: December 16, 2025

SHANNON M. KLINE

Dear Appellant:

The Board of Veterans' Appeals made a decision on your appeal.

| *If your decision contains a* | *What happens next* |
|---|---|
| Grant | The Department of Veterans Affairs (VA) will contact you regarding next steps, which may include issuing payment. Please refer to VA Form 4597, which is attached for additional options. |
| Remand | Additional development is needed. VA will contact you regarding next steps. |
| Denial or Dismissal | Please refer to VA Form 4597, which is attached for your options. |

If you have any questions, please contact your representative, if you have one, or check the status of your appeal at http://www.vets.gov.

Sincerely yours,

**Outbound Operations**
Office of the Clerk of the Board
Board of Veterans' Appeals

Enclosures (1)
CC: WESLEY ALONZO MCCAULEY, Agent



# BOARD OF VETERANS' APPEALS
### FOR THE SECRETARY OF VETERANS AFFAIRS

IN THE APPEAL OF
**SHANNON M. KLINE**
Represented by
Wesley A. McCauley, Agent

Docket No. 240927-477181
**Advanced on the Docket**

DATE: December 16, 2025

## ORDER

Entitlement to an initial 100 percent rating for impairment of rectal sphincter control for the period from August 14, 2018, to July 1, 2024, is granted.

Entitlement to an additional special monthly compensation (SMC(l)) rating based on aid and attendance/housebound due to impairment of rectal sphincter control effective August 14, 2018, is granted.

Entitlement to special monthly compensation (SMC(r1)) from August 14, 2018, is granted.

## FINDINGS OF FACT

1. Impairment of rectal sphincter control was productive of complete loss of sphincter control for the period from August 14, 2018, to July 1, 2024.

2. Service-connected psychiatric disability is shown to have a sufficient independent basis for an award of SMC(l) from June 20, 2018, as requiring assistance on a regular basis to protect the claimant from hazards or dangers incident to her daily environment such that a separate SMC(l) rating based on right upper extremity radiculopathy and fecal incontinence is not precluded.

3. Service-connected right upper extremity radiculopathy and impairment of rectal sphincter control require aid and attendance since August 14, 2018, is granted.

Case: 26-1348   Document: 3   Page: 6   Filed: 01/28/2026
Case: 25-1002   Page: 6 of 13   Filed: 01/22/2026

IN THE APPEAL OF
SHANNON M. KLINE

Docket No. 240927-477181
**Advanced on the Docket**

4. For the period since August 14, 2018, the Veteran was in receipt of the maximum rate under SMC(o) or is in receipt of an SMC(p) rating and meets the criteria for regular aid and attendance under 38 C.F.R. § 3.352(a).

## CONCLUSIONS OF LAW

1. The criteria for entitlement to an initial 100 percent rating for impairment of rectal sphincter control for the period from August 14, 2018, to July 1, 2024, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.2, 4.7, 4.114, Diagnostic Code 7332.

2. The criteria for entitlement to a special monthly compensation (SMC(l)) rating based on aid and attendance/housebound due to impairment of rectal sphincter control effective August 14, 2018, have been met. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b).

3. The criteria for entitlement to special monthly compensation (SMC(r1)) from August 14, 2018, have been met. 38 U.S.C. § 1114(r)(1); 38 C.F.R. § 3.350(h)(1).

## REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active service from March 1999 to March 2003.

The appeal comes to the Board of Veterans' Appeals (Board) from a September 2024 rating decision.

In the September 2024 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement), the Veteran elected the Hearing docket. A Board hearing was held in September 2025 before the undersigned Veterans Law Judge (VLJ).

Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran or representative at the hearing or within 90 days

IN THE APPEAL OF
**SHANNON M. KLINE**                      Docket No. 240927-477181
**Advanced on the Docket**

following the hearing. 38 C.F.R. § 20.302(a). If evidence was submitted either (1) during the period after the AOJ issued the decision on appeal and prior to the Board hearing, or (2) more than 90 days following the hearing, the Board did not consider it in its decision. 38 C.F.R. §§ 20.300, 20.302(a), 20.801.

If the Veteran would like VA to consider any evidence that was submitted that the Board could not consider, the Veteran may file a Supplemental Claim (VA Form 20-0995) and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim[s], considering the new evidence in addition to the evidence previously considered. *Id*. Specific instructions for filing a Supplemental Claim are included with this decision.

As an initial matter, it is noted that the initial rating assigned to the condition was an issue kept alive through continuous pursuit and is thus properly before the Board. 38 C.F.R. § 3.2500. The SMC issues raised during the pendency of this increased rating claim are piggybacked, and thus entitlement to SMC for the same period is also before the Board. *Akles v. Derwinski*, 1 Vet. App. 118, 121 (1991).

## Increased Ratings

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities. The percentage ratings are based on the average impairment of earning capacity and individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

The Veteran's entire history is to be considered when making disability evaluations. *See generally* 38 C.F.R. § 4.1; *Schafrath v. Derwinski*, 1 Vet. App. 589 (1995). Staged ratings are appropriate for any rating claim when the factual findings show distinct time periods during the appeal period where the service-connected disability exhibits symptoms that would warrant different ratings. *Hart v. Mansfield*, 21 Vet. App. 505 (2007). Staged ratings are appropriate for any initial rating claim when the factual findings show distinct time periods during the appeal period where the service-connected disability exhibits symptoms that would warrant different ratings. *Fenderson v. West*, 12 Vet. App. 119, 126 (1999).

3

IN THE APPEAL OF
    SHANNON M. KLINE                Docket No. 240927-477181

**Advanced on the Docket**

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3.

When considering whether lay evidence is to be given weight, the Board must determine, on a case-by-case basis, whether a veteran's particular disability is the type of disability for which lay evidence may be appropriate. *Kahana v. Shinseki*, 24 Vet. App. 428 (2011); *see also Jandreau v. Nicholson*, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007).

When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with a veteran prevailing in either event, or whether the persuasive weight of the evidence is against a claim, in which case, the claim is denied. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; *Lynch v. McDonough*, 21 F.4th 776, 781-82 (Fed. Cir. 2021) (en banc) (only when the evidence persuasively favors one side or another is the benefit of the doubt doctrine not for application).

**1. Entitlement to an initial 100 percent rating for impairment of rectal sphincter control for the period from August 14, 2018, to July 1, 2024, is granted.**

The Veteran has been awarded a 100 percent rating under Diagnostic Code 7332 for impairment of rectal sphincter control from July 2, 2024. She contends that this 100 percent rating should be applied from August 14, 2018, the date service connection was awarded for the condition.

Effective May 19, 2024, Section 4.114 in general, as well as Diagnostic Code 7332 specifically, was amended. Generally, when a law or regulation changes after a claim has been filed, but before the administrative or judicial appeal process has been concluded, the version most favorable to the appellant applies. *See Marcoux v. Brown*, 9 Vet. App. 289 (Vet. App. 1996); VAOPGCPREC 11-97 (Mar. 24, 1997), VAOPGCPREC 3-2000 (April 10, 2000). In the usual course, the disability

Case: 26-1348   Document: 3   Page: 9   Filed: 01/28/2026
Case: 25-1002   Page: 9 of 13   Filed: 01/22/2020

IN THE APPEAL OF
SHANNON M. KLINE

Docket No. 240927-477181
**Advanced on the Docket**

must be rated according to both the old and new rating criteria, and the appellant must receive the benefit of the more favorable rating schedule.

Under the version of DC 7332 in effect prior to May 19, 2024, a noncompensable disability rating is assigned for impairment of sphincter control "[h]ealed or slight, without leakage;" a 10 percent disability rating is provided for "constant slight, or occasional moderate leakage;" a 30 percent disability rating is provided for "[o]ccasional involuntary bowel movements, necessitating wearing of pad;" a 60 percent disability rating is provided for "[e]xtensive leakage and fairly frequent involuntary bowel movements;" and a 100 percent disability rating is provided for complete loss of sphincter control.

At the hearing before the Board, Dr. M.R. testified to having reviewed the medical records, and that the Veteran has had documented full incontinence since at least October 2020. He testified regarding the severe symptoms of fecal impactions and hemorrhoid prolapse, with leakage and bandings, incisisions, and drainage procedures. He testified that the condition was socially disabling, as she was unable to control her feces and gas. He testified that she needs help with her clothing, using an anal balloon plug, and the need for assistance with perineal cleaning and application of creams, particularly in light of the upper extremity radiculopathy in her dominant hand.

After reviewing the record, which is consonant with Dr. M.R.'s testimony, this testimony is accepted as credible and competent. This testimony establishes that the Veteran had complete loss of sphincter control, with additional symptoms.

The Veteran credibly testified before the Board that the symptoms were the same in 2018 as when the condition was initially service connected.

After careful consideration, the record supports a finding of complete loss of sphincter control throughout the initial rating period. Accordingly, an award of the 100 percent rating for impairment of rectal sphincter control for the period from

IN THE APPEAL OF
SHANNON M. KLINE

Docket No. 240927-477181
**Advanced on the Docket**

August 14, 2018, to July 1, 2024, is granted. To be clear, this does not disturb the previously granted 100 percent rating from July 02, 2024.

## 2. Entitlement to a special monthly compensation (SMC(l)) rating based on aid and attendance/housebound due to impairment of rectal sphincter control effective August 14, 2018, is granted.

The Veteran was awarded SMC(l) based on the need for aid and attendance based on multiple disabilities, effective June 20, 2018. She seeks a second award, contending that multiple service-connected disabilities independently require aid and attendance.

A veteran who, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both feet, one hand and one foot, or is blind in both eyes, with 5/200 visual acuity or less or is permanently bedridden or so helpless as to be in need of regular aid and attendance under criteria set forth in 38 C.F.R. § 3.352(a) shall receive the provided level of compensation. 38 U.S.C. § 1114(l); 38 C.F.R. § 3.350(b).

Under the provisions of 38 C.F.R. § 3.352(a), the criteria to establish a factual need for aid and attendance include the inability of the veteran to dress or undress himself; ability to keep himself ordinarily clean and presentable; whether he requires frequent adjustment of any special prosthetic or orthopedic appliances, which, by reason of the particular disability, cannot be done without aid; the inability to feed himself; the inability to attend to the wants of nature; or incapacity that requires assistance on a regular basis to protect the claimant from hazards or dangers incident to his daily environment.

It is not required that all the disabling conditions enumerated in 38 C.F.R. § 3.352(a) be found to exist before a favorable rating may be made. The particular personal functions which the Veteran is unable to perform should be considered in connection with their condition as a whole. It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance, not that there is a constant need. 38 C.F.R. § 3.352(a); *see also Turco v. Brown*, 9 Vet.

IN THE APPEAL OF
**SHANNON M. KLINE**                                   Docket No. 240927-477181
                                                              **Advanced on the Docket**

App. 222, 224 (1996) (holding that at least one factor listed in section 3.352(a) must be present for a grant of SMC based on need for aid and attendance).

A Veteran who is already in receipt of SMC(l) cannot establish entitlement to a second award of SMC(l) based on the need for aid and attendance unless the Veteran's need for aid and attendance arises from a disability other than that for which the Veteran is already in receipt of SMC(l). *Breniser v. Shinseki*, 25 Vet. App. 64, 77-78 (2011).

Accordingly, the Board is tasked with determining if the initial grant would be warranted without consideration of the current conditions implicated on appeal.

After review, the Veteran's service-connected psychiatric disability was rated 100 percent at the time SMC(l) was initially granted, which included consideration of near constant panic attacks. *See* May 1, 2018, rating decision. The July 2018 VA 21-2680 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance noted that the Veteran's psychiatric condition rendered her unsafe and unable to complete meal preparation, as she had panic attacks in the middle of meal preparation and would forget what she was doing; panic attacks were noted to also require assistance with outings or leaving the house. The Board finds the service-connected psychiatric disability was shown to require assistance on a regular basis to protect the claimant from hazards or dangers incident to her daily environment, and to serve as a sufficient independent basis for an award of SMC(l), such that a separate rating based on right upper extremity radiculopathy and fecal incontinence is not precluded.

The evidence presented at the hearing persuasively established that the Veteran requires the need of aid and attendance to keep herself ordinary clean, and to attend to the wants of nature since August 14, 2018, due to her service-connected right upper extremity radiculopathy and fecal incontinence. The testimony established she needs regular help with her clothing, using an anal balloon plug, and the need for assistance with perineal cleaning and application of creams, particularly in light of the upper extremity radiculopathy in her dominant hand. Accordingly, a separate SMC(l) rating is warranted and granted based on the need for regular aid and

IN THE APPEAL OF  
    **SHANNON M. KLINE**                    Docket No. 240927-477181  
                                                          **Advanced on the Docket**

attendance due to service-connected right upper extremity radiculopathy and fecal incontinence.

### 3. Entitlement to special monthly compensation (SMC(r1)) from August 14, 2018, is granted.

A Veteran qualifies for a higher level of aid and attendance under (r1) if the Veteran is in receipt of the maximum rate under SMC(o) or is in receipt of an SMC(p) rating and meets the criteria for regular aid and attendance under 38 C.F.R. § 3.352(a). 38 C.F.R. § 3.350(h)(1).

The September 2024 Rating Decision - Codesheet shows the Veteran was in receipt of a SMC(l) and a SMC(p1) or a SMC(p2) rating for the period on review. As it was already determined the Veteran met the criteria for regular aid and attendance under 38 C.F.R. § 3.352(a), the AOJ erred in not awarding such, and entitlement to SMC(r1) was warranted as a result of SMC(l) plus SMC(p).

(Continued on next page)

IN THE APPEAL OF
**SHANNON M. KLINE**    Docket No. 240927-477181
**Advanced on the Docket**

Moreover, in this decision, we determined the Veteran independently met the criteria for regular aid and attendance for this period under 38 C.F.R. § 3.352(a) for two separate disabilities, which would qualify her for the SMC(o) level. As it was determined the Veteran met the criteria for regular aid and attendance under 38 C.F.R. § 3.352(a), entitlement to SMC(r1) was also warranted as a result of SMC(l) plus SMC(l) equaling SMC(o), plus meeting the criteria for regular aid and attendance under 38 C.F.R. § 3.352(a). Either way, the requested SMC(r1) is/was warranted and is accordingly granted on appeal.

Martin T. Mitchell
Veterans Law Judge
Board of Veterans' Appeals

Attorney for the Board    King, Timothy (BVA)

*The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.*