No. 2026-1348

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

**SHANNON M. KLINE,**

*Claimant-Appellant,*

v.

## DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,

*Respondent-Appellee.*

Appeal from the Court of Appeals for Veterans Claims No. 25-1002, Chief Judge Allen, Judge Pietsch, and Judge Toth

## CORRECTED BRIEF OF CLAIMANT-APPELLANT SHANNON M. KLINE

Benjamin R. Binder
ben@binderandwatson.com
(813) 647-5371

BINDER AND WATSON
LAW GROUP
P.O. Box 47386
Tampa, FL 33646
(813) 426-8387

*Counsel for Shannon M. Kline*

Meaghan R. Fitzpatrick
mfitzpatrick@binderandwatson.com
(813) 647-5366

BINDER AND WATSON
LAW GROUP
P.O. Box 47386
Tampa, FL 33646
(813) 426-8387

*Co-Counsel for Shannon M. Kline*

FORM 9. Certificate of Interest

Form 9 (p. 1)
March 2023

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 26-1348

**Short Case Caption** Kline v. Collins

**Filing Party/Entity** Shannon M. Kline

---

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes.  Fed. Cir. R. 47.4(c).

---

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 6/1/2026

Signature: /s/ Meaghan R. Fitzpatrick

Name: Meaghan R. Fitzpatrick

**FORM 9. Certificate of Interest**

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities. ☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities. ☑ None/Not Applicable |
| Shannon M. Kline | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐   Additional pages attached

FORM 9. Certificate of Interest

**4. Legal Representatives.**  List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities.  Do not include those who have already entered an appearance in this court.  Fed. Cir. R. 47.4(a)(4).

☐    None/Not Applicable                ☐    Additional pages attached

| | | |
|---|---|---|
| Wesley A. McCauley<br>United Veteran's Disability, LLC | | |
| | | |
| | | |

**5. Related Cases.**  Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☐   Yes (file separate notice; see below)   ☑   No   ☐   N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b).  **Please do not duplicate information.**  This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal.  Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**.  Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees).  Fed. Cir. R. 47.4(a)(6).

☑    None/Not Applicable                ☐    Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

# TABLE OF CONTENTS

Statement of Related Cases ...................................................................1

Jurisdictional Statement ........................................................................1

Issues on Appeal....................................................................................2

Nature of the Case and Procedural History ...........................................3

Summary of the Argument ....................................................................7

Argument ............................................................................................10

I.    Standard of Review ......................................................................12

II.   The Veterans Court applied an incorrect legal standard for the
      inherently transitory exception by focusing on how Appellant's
      individual claim became moot, rather than whether the
      challenged conduct was capable of evading judicial review.........11

III.  The Veterans Court misapplied *Freund* by focusing on the
      procedural mechanics of mootness rather than on whether the
      challenged conduct was effectively unreviewable..........................17

IV.  The Courts, not agencies, must ultimately interpret § 7107(b) ......23

Conclusion...........................................................................................28

## TABLE OF AUTHORITIES

### CASES

*Bellin v. Zucker*, 6 F.4th 463 (2d Cir. 2021)......................................19

*County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)....... 12-13, 19

*Freund v. McDonough*, 114 F.4th 1371 (Fed. Cir. 2024)...........*passim*

*Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013).........14, 18

*Gerstein v. Pugh*, 420 U.S. 103 (1975)..............................................12, 19

*Heller v. McDonough*, 38 Vet. App. 75 (2024) ....................................24

*Linville v. West*, 165 F.3d 1382 (Fed. Cir. 1999) ...............................10

*Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) ....10, 24

*Military-Veterans Advocacy v. Secretary of Veterans Affairs*, 7
F.4th 1110 (Fed. Cir. 2021) ...........................................................25

*Prenzler v. Derwinski*, 928 F.3d 392 (Fed. Cir. 1991) ......................10

*Wilson v. Gordon*, 822 F.3d 934 (6th Cir. 2016)................................20

### STATUTES

38 U.S.C. § 7107(b) .............................................................................*passim*

38 U.S.C. § 7292(a) .........................................................................2, 10

38 U.S.C. § 7292(c)...............................................................................2

38 U.S.C. § 7292(e)(1).........................................................................2

## STATEMENT OF RELATED CASES

Pursuant to Fed. Cir. R. 47.5, counsel for Appellant states that there have been no other appeals in this case, and that there are no related cases pending before this Court that would directly affect this Court's decision in this matter. Counsel is not aware of any cases currently pending before this Court or the Veterans Court that will be directly affected by this Court's decision in this appeal.

## JURISDICTIONAL STATEMENT

On October 1, 2025, the United States Court of Appeals for Veterans Claims ("Veterans Court") issued a panel order dismissing Appellant's class-based petition for extraordinary relief as moot prior to class certification. The Veterans Court held that the inherently transitory exception to Article III mootness did not apply because Appellant's individual claim became moot after the Board of Veterans' Appeals ('Board") granted a third motion for advancement on the docket. Judgment entered on October 1, 2025, and Appellant timely appealed to this Court.

1

This Court has jurisdiction pursuant to 38 U.S.C. §§ 7292(a) and (c). This appeal presents legal questions concerning the proper interpretation and application of the inherently transitory exception to Article III mootness. Because Appellant challenges the legal framework the Veterans Court applied in dismissing the class claims as moot, this Court possesses jurisdiction to review the decision.

## ISSUES ON APPEAL

I. Whether the Veterans Court applied an incorrect legal standard for the inherently transitory exception to Article III mootness by focusing on how Appellant's individual claim became moot, rather than on whether the challenged conduct was structurally capable of evading judicial review.

II. Whether the Veterans Court misapplied *Freund v. McDonough*, 114 F.4th 1371 (Fed. Cir. 2024), by treating agency-driven mootness as necessary for the inherently transitory exception to apply, rather than as one example of a claim that predictably becomes moot before judicial review can occur.

2

**III.** Whether the Veterans Court's restrictive mootness framework risks placing 38 U.S.C. § 7107(b) beyond meaningful judicial review.

**NATURE OF THE CASE AND PROCEDURAL HISTORY**

This appeal arises from an October 1, 2025, panel order of the Veterans Court dismissing Appellant's class-based petition for extraordinary relief as moot prior to class certification. Appx1-8. The Veterans Court held that the inherently transitory exception to Article III mootness did not apply because Appellant's individual claim became moot after the Board granted her third motion for advancement on the docket. Appx6.

Ms. Kline served honorably in the United States Navy from June 1999 to March 2003. Appx032. She is service-connected for numerous severe disabilities, including two separate 100% ratings, a 60% rating, multiple additional compensable ratings, and special monthly compensation based on aid and attendance. Appx043-046. In September 2024, VA granted an increased 100% evaluation for impairment of rectal sphincter control and a higher level of special monthly compensation,

3

effective July 2, 2024. Appx032. Ms. Kline appealed the assigned effective dates and selected the Board hearing docket. Appx048.

In November 2024, Ms. Kline filed a motion requesting advancement on the Board's docket pursuant to 38 U.S.C. § 7107(b) based on serious illness. Appx050-052. The motion included a private medical opinion concluding that Ms. Kline was "seriously ill" due to severe psychiatric and gastrointestinal impairment that substantially limited her daily functioning and required assistance with activities of daily living. Appx053. The Board denied the motion, explaining that "seriously ill" is not defined by regulation and stating that not all veterans with 100% ratings or conditions clinicians would consider "serious" can be advanced on the docket. Appx055-056. The Board further stated that advancement decisions involve some measure of discretion. Appx055.

Later that same month, Ms. Kline filed a second motion for advancement, arguing that the Board had rejected a competent medical determination without disclosing what standard it was applying for "seriously ill." Appx058-061. She argued that the Board's refusal to disclose the governing standard prevented claimants from knowing what

4

evidence was required to obtain advancement and resulted in arbitrary adjudication. *Id.* The Board again denied advancement. Appx063-064.

On February 10, 2025, Ms. Kline filed a petition for extraordinary relief in the form of a writ of mandamus. Appx010-069. The petition requested an order directing the Secretary either to advance her appeal on the Board's docket or to disclose the criteria used to determine whether a claimant is "seriously ill" under 38 U.S.C. § 7107(b). Appx010-030. Shortly thereafter, Ms. Kline filed a Request for Class Certification and Class Action ("RCA"). Appx070-080. The RCA sought certification of a class of claimants whose motions for advancement based on serious illness had been denied without disclosure of the governing standard. *Id.* The RCA alleged that the Board systematically denied advancement requests using an undisclosed and arbitrary standard, thereby preventing claimants from knowing what evidence was required to secure the statutory benefit of advancement. *Id.*

While the petition and RCA were pending, Ms. Kline filed a third motion for advancement that included additional evidence of severe financial hardship and medical urgency. Appx085-090. On June 4, 2025, the Board granted that motion and advanced her appeal on the docket.

5

Appx092. Ms. Kline subsequently informed the Veterans Court that her individual petition had become moot but maintained that the class claims remained live under the inherently transitory exception to mootness. Appx081-083.

On October 1, 2025, the Veterans Court dismissed the action as moot. Appx001-008. The Veteran's Court held that the inherently transitory exception did not apply because the Board did not independently moot the case through an automatic policy or practice, like that in *Freund*. Appx006-007. Instead, the Veterans Court concluded that Appellant's own filing of the third motion caused the Board to grant relief and thereby moot the individual claim. Appx006. The Veterans Court therefore held that it lacked jurisdiction to consider either the class-certification request or the merits of the petition. Appx007.

Judge Toth concurred in part and dissented in part. Appx008. He explained that "[w]hether the class meets the inherently transitory exception is a close call" and acknowledged that "[t]he time sensitive nature of the motions to advance on the docket render them well-disposed to the inherently transitory exception." *Id*. Although Judge Toth would

have denied class certification on alternative grounds, he would not have dismissed the class claims as moot. *Id.*

## SUMMARY OF THE ARGUMENT

This appeal presents a narrow yet significant question concerning the proper application of the inherently transitory exception to Article III mootness. The Veterans Court dismissed Appellant's class-based mandamus action as moot after the Board granted advancement on the docket following Appellant's third motion for advancement. Appx001-008. In doing so, however, the Veterans Court adopted a legal framework that turned on how Appellant's individual claim became moot rather than on whether the challenged conduct was structurally capable of evading judicial review. Appx006.

The Supreme Court's inherently transitory cases do not focus on the particular mechanism by which an individual claim expires. Instead, those decisions examine whether the challenged conduct is so fleeting or self-extinguishing that courts will consistently lose the ability to review the controversy before class certification can occur. Under *Gerstein v. Pugh* and *County of Riverside v. McLaughlin*, the doctrine exists

7

precisely to prevent recurring disputes from escaping judicial review simply because individual claims predictably expire before courts can adjudicate them. The inquiry is therefore practical and structural, not formalistic.

The Veterans Court departed from that framework. Rather than evaluating whether challenges to advancement-on-the-docket denials are predictably capable of becoming moot before judicial review can occur, the Veterans Court focused on the fact that Appellant filed a third motion for advancement before the Board. Appx006. The Veterans Court treated that circumstance as dispositive of whether the inherently transitory exception applied. In doing so, it effectively created a source-of-mootness rule unsupported by Supreme Court precedent or this Court's decision in *Freund*.

The Veterans Court further misapplied *Freund* by treating agency-driven mootness as necessary for the inherently transitory exception to apply. Appx005-007. But *Freund* did not hold that only automatic agency mootness practices qualify. Rather, *Freund* recognized that the inherently transitory exception applies when the challenged conduct predictably extinguishes individual claims before courts can

meaningfully review the underlying controversy. The Veterans Court improperly narrowed that doctrine by converting one sufficient example of inherently transitory conduct into a mandatory prerequisite.

That error significantly changed the mootness analysis in this case. Appellant's RCA alleged a recurring class-wide challenge to the Board's advancement-on-the-docket practices, specifically the Board's repeated denial of advancement motions under an undisclosed "seriously ill" standard. Appx073-075. The class allegations concerned a continuing and recurring controversy affecting similarly situated claimants, not merely Appellant's individual circumstances. By reducing the inherently transitory inquiry to the procedural history of a single claimant, the Veterans Court improperly individualized what was alleged as a recurring structural controversy.

Finally, this case also raises a significant reviewability concern. The Board has acknowledged that "seriously ill" is undefined, yet disputes concerning that standard generally reach the courts only through mandamus proceedings. If those disputes repeatedly become moot before courts can address them, then the Board's interpretation of § 7107(b) risks effectively escaping meaningful judicial review altogether.

But courts, not agencies, ultimately interpret statutes. *See Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). The inherently transitory doctrine exists to prevent recurring controversies from evading review in precisely this way.

Since the Veterans Court applied the incorrect framework to dismiss the class claims as moot, this Court should overturn the previous decision and remand for the correct inherently transitory standard to be applied.

## ARGUMENT

### 1. Standard of Review

This Court shall decide "the validity of a decision of the Court on a rule of law or of any statute or regulation … or any interpretation thereof … that was relied on by the Court in making the decision." 38 U.S.C. § 7292(a); *see also Linville v. West*, 165 F.3d 1382 (Fed. Cir. 1999) (Finding jurisdiction even where appellant raised specific legal arguments and the Veterans Court "rejected them without comment"). This Court reviews legal determinations of the Veterans Court de novo. *Prenzler v. Derwinski*, 928 F.3d 392, 393 (Fed. Cir. 1991). If the decision of the Veterans Court is not in accordance of the law, this court has authority

to modify, reverse, or remand the case as appropriate. 38 U.S.C. § 7292(e)(1).

Here, Appellant challenges the legal framework the Veterans Court applied in determining that the inherently transitory exception to mootness did not preserve jurisdiction over the class claims after Appellant's individual petition became moot. Specifically, Appellant contends that the Veterans Court improperly treated the manner in which mootness occurred as dispositive of whether the exception applied. Because this appeal concerns the proper interpretation and application of constitutional mootness principles and this Court's precedent in *Freund v. McDonough*, review is de novo.

## 2. The Veterans Court applied an incorrect legal standard for the inherently transitory exception by focusing on how Appellant's individual claim became moot, rather than whether the challenged conduct was capable of evading judicial review.

The inherently transitory exception exists to preserve judicial review over recurring disputes that are predictably capable of becoming moot before a court can adjudicate class certification. This exception exists because some claims are so fleeting that courts may be unable to rule on class certification before the named claimant's individual

11

controversy expires. Critically, the doctrine is rooted in practicality, not legal formalism. The Supreme Court has repeatedly explained that the inquiry focuses on whether the challenged conduct is effectively unreviewable because claims are likely to become moot before courts can resolve class certification. Unfortunately, the Veterans Court departed from that framework here.

The Supreme Court first articulated the inherently transitory exception in *Gerstein v. Pugh*, 420 U.S. 103 (1975). There, pretrial detainees challenged the constitutionality of extended detention without probable cause determinations. Although the named plaintiffs' claims became moot before the litigation concluded, the Supreme Court held that the class claims remained justiciable because pretrial detention is "by nature temporary," making it unlikely that any individual claimant could maintain a live controversy long enough for judicial review. *Id.* at 110 n.11. The Court emphasized that the controversy remained live because a "constant" class of similarly situated persons continued to suffer the challenged injury. *Id.*

The Supreme Court reaffirmed that principle in *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), explaining that inherently transitory

claims are those "so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Id.* at 52. Critically, neither *Gerstein* nor *County of Riverside* turned on which party technically caused mootness. Both cases instead focused on the practical reality that the challenged conduct was likely to evade judicial review before class certification could occur. Thus, the inherently transitory doctrine ensures that systemic issues can be addressed, even when individual claims are rendered moot before resolution

This Court applied those same principles in *Freund v. McDonough*. Appx005-007. In *Freund*, VA repeatedly reactivated improperly closed appeals shortly after litigation commenced, thereby mooting the named petitioners' individual claims before the Veterans Court could resolve class certification. 114 F.4th at 1375-76. Specifically, the VA's practice was to reactivate an appeal upon learning that a timely substantive appeal had been received but was not properly established in the database. *Id.* at 1380. This process often occurred quickly, sometimes within days, as evidenced by the reactivation of Ms. Freund's appeal the day after the

13

Veterans Court requested a response from the VA and Mr. Mathewson's appeal within 13 days of a similar order. *Id.*

This Court held that the inherently transitory exception applied because individual claims were likely to become moot before the Veterans Court could resolve class certification. *Id.* at 1379-80. In doing so, this Court emphasized that the doctrine "focuses on the fleeting nature of the challenged conduct giving rise to the claim" and addresses circumstances in which the challenged conduct is "effectively unreviewable." *Id.* at 1379 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76-77 (2013)).

Here, the Veterans Court departed from these principles by focusing not on whether the challenged conduct predictably evaded judicial review, but instead on how Appellant's individual claim became moot. Appx006. The Veterans Court acknowledged that Appellant's class claims challenged recurring denials of advancement-on-the-docket motions under an undefined "seriously ill" standard. Appx001-003. Nevertheless, the Veterans Court concluded that the inherently transitory exception did not apply because "petitioner's own action, not any Board process or policy, caused the Board to grant her relief and mooted her individual claim." Appx006. The Veterans Court therefore

treated the procedural mechanism through which mootness occurred as dispositive. Appx006-007.

That approach improperly transformed the inherently transitory inquiry into a formalistic inquiry focused on the mechanics of mootness rather than on whether the challenged conduct was effectively unreviewable. But the Supreme Court's inherently transitory cases do not ask whether mootness originated from claimant conduct, agency conduct, or external circumstances. Rather, they ask whether the challenged controversy is structurally capable of evading judicial review before class certification can occur. The Veterans Court's rule cannot be reconciled with *Gerstein*, *County of Riverside*, or *Freund* because it elevates the mechanism of mootness over the underlying purpose of the doctrine.

The Veterans Court's reasoning is particularly inconsistent with the practical nature of the inherently transitory exception. By definition, claimants seeking relief from recurring agency practices will often continue pursuing administrative remedies while litigation remains pending. Treating those efforts as dispositive against application of the inherently transitory exception would substantially narrow the doctrine

15

and permit recurring disputes to evade review whenever claimants continue attempting to obtain relief through the very processes being challenged.

The Veterans Court's analysis also improperly individualized Appellant's allegations of a recurring structural controversy. Appellant's RCA challenged the Board's repeated denials of advancement-on-the-docket motions under an undisclosed and unarticulated "seriously ill" standard and alleged that similarly situated claimants faced the same barriers. Appx070-080. The controversy, therefore, extended beyond Appellant's personal circumstances. Yet the Veterans Court reduced the inquiry to the procedural sequence of Appellant's own filings and treated that sequence as dispositive of mootness. Appx006.

Nothing in Supreme Court precedent or *Freund* supports limiting the inherently transitory exception based on the procedural manner in which mootness occurs. To the contrary, the doctrine exists precisely because recurring injuries affecting a constant class may otherwise evade judicial review through the expiration of individual claims. The Veterans Court's approach undermines that purpose by allowing structurally recurring controversies to escape review whenever the circumstances

16

producing mootness can be traced to actions taken by the claimant while attempting to secure relief.

Because the Veterans Court misapplied the inherently transitory exception by focusing on the procedural mechanics of mootness rather than on whether the challenged conduct was effectively unreviewable, vacatur and remand are required for the Veterans Court to further consider class certification and, if the class is certified, to determine the appropriate relief.

**3. The Veterans Court misapplied *Freund* by focusing on the procedural mechanics of mootness rather than on whether the challenged conduct was effectively unreviewable.**

The Veterans Court further erred by misreading this Court's decision in *Freund v. McDonough*. Appx005-007. *Freund* did not frame the inherently transitory inquiry around the procedural mechanism through which mootness occurred. Rather, *Freund* focused on whether the challenged conduct was effectively unreviewable because claims were likely to become moot before courts could resolve class certification. 114 F.4th at 1379-80. The Veterans Court departed from that practical inquiry here.

17

In *Freund*, this Court considered a class-based mandamus challenge involving thousands of legacy appeals that VA had improperly closed through a computerized docketing error. *Id.* at 1374-75. Shortly after litigation commenced, VA reactivated the named petitioners' appeals, thereby mooting their individual claims before class certification occurred. *Id.* The Veterans Court dismissed the matter as moot, but this Court reversed, holding that the inherently transitory exception preserved jurisdiction over the class claims. *Id.* at 1379-80.

Central to this Court's reasoning in *Freund* was the practical reality that claims were likely to become moot before the Veterans Court could resolve class certification. *Id.* at 1379-80. In explaining the doctrine, this Court emphasized that the inherently transitory exception "focuses on the fleeting nature of the challenged conduct giving rise to the claim" and addresses circumstances in which the challenged conduct is "effectively unreviewable." *Id.* at 1379 (quoting *Genesis Healthcare Corp.*, 569 U.S. at 76-77). The inquiry was therefore practical and structural, not dependent on the precise procedural mechanics through which mootness occurred.

18

The Veterans Court nevertheless shifted the inquiry away from whether the challenged conduct was effectively unreviewable and instead focused on the procedural sequence through which Appellant's individual claim became moot. The Veterans Court emphasized that, unlike *Freund*, the Board here did not independently moot Appellant's claim "on its own initiative." Appx006. Instead, the Veterans Court reasoned that Appellant's third motion for advancement caused the Board to act, and therefore, the inherently transitory exception could not apply. *Id.* In doing so, the Veterans Court treated the manner in which mootness occurred as dispositive of whether the inherently transitory exception applied.

That approach is inconsistent with how federal courts apply the inherently transitory doctrine. Federal courts applying the doctrine have repeatedly focused on the practical likelihood that claims will expire before review, not on the specific procedural mechanism through which mootness occurred. *See, e.g., Gerstein*, 420 U.S. at 110 n.11; *County of Riverside*, 500 U.S. at 52; *Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (finding that "[t]here is a 'significant possibility' that any plaintiff who brings the claims ... would have her request ... resolved before a decision

19

on class certification could be made"); *Wilson v. Gordon*, 822 F.3d 934, 945-46 (6th Cir. 2016) (noting that "the duration of any plaintiff's claim is uncertain"). The doctrine is concerned with whether claims are likely to evade judicial review before class certification can occur.

Under the Veterans Court's framework, recurring controversies may evade review whenever the procedural circumstances producing mootness can be traced to continued claimant efforts to obtain relief while litigation remains pending. But the inherently transitory doctrine does not turn on whether mootness resulted from a formal agency policy, claimant conduct, or some combination of both. Rather, the inquiry focuses on whether the challenged controversy is effectively unreviewable because individual claims are likely to expire before courts can resolve class certification.

This case illustrates the problem with the Veterans Court's approach. Appellant's RCA challenged the Board's repeated denial of advancement motions under an undefined, and moreover seemingly subjective, "seriously ill" standard that may fluctuate in practical review and consideration of any veteran's advancement motion. Appx070-080.

20

The recurring nature of the controversy is reinforced by the absence of any articulated standard governing what qualifies as "seriously ill" under 38 U.S.C. § 7107(b). Currently, as it has been noted repeatedly, "seriously ill" is not defined by statute or regulation, and advancement decisions involve "some measure of discretion." In practice, that absence of an articulated standard necessarily creates the potential for differing adjudicatory outcomes across individual Veterans Law Judges and Board panels. It would be unreasonable to believe otherwise that all Veterans Law Judges apply an identical understanding of an undefined "seriously ill" standard in the absence of any articulated regulatory guidance, precedential interpretation, or publicly disclosed criteria governing advancement-on-the-docket determinations. Appellant's RCA specifically challenged this recurring lack of guidance and alleged that similarly situated claimants were unable to determine what evidence would satisfy the Board's advancement criteria. Appx070-080. The inherently transitory inquiry therefore arose in the context of an ongoing and structurally recurring controversy affecting a continuing class of claimants, not merely Appellant's individual circumstances.

The controversy alleged a recurring pattern affecting similarly situated claimants whose efforts to secure advancement would predictably continue while litigation remained pending. Whether the Board acted after Appellant filed a third motion does not alter the underlying structural reality that claims concerning advancement-on-the-docket determinations may become moot before courts can adjudicate the broader controversy.

The Veterans Court's interpretation also conflicts with the practical concerns that underscore the inherently transitory doctrine. The doctrine exists because some controversies are so fleeting that, absent an exception, "the challenged conduct [would] be effectively unreviewable." *Freund*, 114 F.4th at 1380. By focusing on the procedural mechanics through which mootness occurred, the Veterans Court adopted a framework that permits recurring disputes to evade review based solely on how individual claims expire.

Moreover, Judge Toth's separate opinion underscores that the inherently transitory issue presented here is at minimum a substantial legal question. Appx008. Judge Toth expressly acknowledged that "[w]hether the class meets the inherently transitory exception is a close

22

call" and observed that "[t]he time sensitive nature of the motions to advance on the docket render them well-disposed to the inherently transitory exception." *Id.* Although Judge Toth would have denied class certification on alternative grounds, he did not agree that the inherently transitory doctrine was categorically unavailable under these circumstances. *Id.* His analysis further demonstrates that the Veterans Court's restrictive reading of *Freund* was not compelled by existing precedent.

Because the Veterans Court misapplied *Freund* by focusing on the procedural mechanics of mootness rather than on whether the challenged conduct was effectively unreviewable, vacatur and remand are warranted.

### 4. The Courts, not agencies, must ultimately interpret § 7107(b).

Lastly, this case also implicates a significant reviewability concern concerning who ultimately interprets 38 U.S.C. § 7107(b). Congress enacted § 7107(b) to permit advancement on the Board's docket for claimants who are "seriously ill," yet neither the statute nor VA's regulations define what that phrase means. Denials of advancement on

23

the docket are generally not independently appealable final Board decisions and are ordinarily reviewable, if at all, only through petitions for extraordinary relief. *See Heller v. McDonough*, 38 Vet. App. 75, 86 (2024). Thus, as a practical matter, meaningful judicial review of how VA interprets and applies § 7107(b) exists almost exclusively through mandamus litigation.

The instant procedural reality takes on particular significance after *Loper Bright Enterprises*, which reaffirmed the principle that it is the role of courts, not agencies, to interpret statutes. *See Bright Enterprises,* 603 U.S. at 394. Agencies may administer statutes, but they do not possess final and unreviewable authority to determine statutory meaning. Yet the practical effect of the Veterans Court's approach here is that disputes concerning the meaning and administration of § 7107(b) may repeatedly evade judicial review before courts can meaningfully address them.

Appellant's RCA challenged precisely that recurring problem. The RCA alleged that similarly situated claimants repeatedly received denials of advancement under an undefined "seriously ill" standard without any articulated explanation concerning what criteria governed the Board's determinations. Appx074. The Board's rulings in this case

24

underscore the concern. The Board acknowledged that "seriously ill" lacks a regulatory definition while simultaneously exercising discretionary judgment concerning which claimants qualify for advancement. Appx055. Claimants are then left without meaningful guidance concerning what evidence satisfies the statutory standard, while different Veterans Law Judges remain free to apply varying understandings of an undefined phrase.

Another consequence of the Veterans Court's framework is that no court may ever meaningfully interpret § 7107(b)'s undefined "seriously ill" standard at all. If advancement-on-the-docket determinations are neither reviewable through direct appeal nor reviewable through petitions seeking extraordinary relief from the Veterans Court, then the Board's administration of § 7107(b) is insulated from judicial review altogether. Congress plainly knows how to limit or preclude judicial review when it intends to do so. *See Military-Veterans Advocacy v. Secretary of Veterans Affairs*, 7 F.4th 1110, 1144 (Fed. Cir. 2021) ("Congress knew how to bar two simultaneous forms of review but chose to only bar concurrent lanes of administrative review"). Yet nothing in § 7107(b) suggests Congress intended disputes concerning advancement

25

determinations to become effectively unreviewable in every procedural posture. The Veterans Court's restrictive application of the inherently transitory doctrine nevertheless risks producing precisely that result.

Should the Veterans Court's approach stand, then recurring advancement-on-the-docket disputes will repeatedly become moot before courts can adjudicate them, and the Board's interpretation and application of that statutory phrase may effectively escape judicial review altogether. In other words, the Board would become the sole and final interpreter of an undefined statutory standard despite the judiciary's obligation to independently interpret statutes. Congress did not define "seriously ill," and neither VA nor the Board has promulgated any regulation, precedential interpretation, or publicly articulated standard governing how that phrase is applied in practice. Yet the Board continues issuing individualized advancement determinations under § 7107(b) while simultaneously acknowledging that the standard itself remains undefined and discretionary.

Again, it would be unreasonable to believe that all Veterans Law Judges apply an identical understanding of an undefined statutory phrase in the absence of articulated guidance or judicial interpretation.

26

Indeed, the simple reality is that different adjudicators may, will, and do apply materially different understandings of what constitutes a "serious illness." Including, and especially whether the phrase requires terminal illness, debilitating illness, severe functional impairment, or some other threshold entirely. But under the Veterans Court's restrictive mootness framework, those recurring disputes may repeatedly disappear before courts can ever provide meaningful interpretation of the statute. Congress knows how to preclude judicial review when it intends to do so, but § 7107(b) contains no language suggesting Congress intended advancement determinations to be insulated from meaningful appellate review. The inherently transitory doctrine exists precisely to prevent recurring controversies from repeatedly escaping judicial scrutiny in this manner.

Appellant must impress that he does not ask this Court to define "seriously ill" in the first instance. Rather, the point is narrower and critically important: the inherently transitory doctrine exists precisely to prevent recurring controversies from repeatedly escaping judicial review in circumstances like these. By focusing narrowly on the procedural mechanics through which Appellant's individual claim became moot, the

Veterans Court failed to account for the broader reviewability concerns created by the unique procedural posture of advancement-on-the-docket disputes and the substantial likelihood that such controversies may repeatedly expire before courts can adjudicate the underlying legal questions.

## CONCLUSION

The Veterans Court misapplied the inherently transitory exception to Article III mootness by focusing on the procedural mechanics through which Appellant's individual claim became moot rather than on whether the challenged conduct was effectively unreviewable because claims were likely to become moot before class certification could occur. In doing so, the Veterans Court departed from Supreme Court precedent and this Court's decision in *Freund v. McDonough*. Moreover, the Veterans Court's restrictive application of the inherently transitory doctrine also risks allowing recurring disputes concerning the Board's administration of 38 U.S.C. § 7107(b)'s undefined "seriously ill" standard to repeatedly evade meaningful judicial review, despite the judiciary's obligation to independently interpret statutes.

Because the Veterans Court applied an incorrect legal framework in dismissing Appellant's class claims as moot, Appellant respectfully requests that this Court vacate the Veterans Court's October 1, 2025, order and remand for further proceedings under the proper inherently transitory standard.

Respectfully submitted,

/s/ Benjamin R. Binder
Benjamin R. Binder, Esq.
Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5371

Meaghan R. Fitzpatrick
Meaghan R. Fitzpatrick, Esq.
Co-Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5366

## SERVICE CERTIFICATE

I hereby certify that the Corrected Opening Brief in 2026-1348, *Kline v. Collins*, was served on counsel by electronic service, under the Court''s CM/ECF system, on June 1, 2026.

## COMPLIANCE CERTIFICATE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B). The brief contains 4,780 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(a)(7)(B)(iii) and Federal Circuit Rule 32(b).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6). The brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook typestyle.

Submitted,
*/ s/ Benjamin R. Binder*
Benjamin R. Binder, Esq.
Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5371

*/ s/ Meaghan R. Fitzpatrick*
Meaghan R. Fitzpatrick, Esq.
Co-Counsel for Claimant-Appellant
P.O. Box 47386
Tampa, FL 33646
Telephone: (813) 647-5366

# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 25-1002

SHANNON M. KLINE, PETITIONER,

V.

DOUGLAS A. COLLINS,
SECRETARY OF VETERANS AFFAIRS, RESPONDENT.

Before ALLEN, *Chief Judge*, and PIETSCH and TOTH, *Judges.*

## O R D E R

ALLEN, *Chief Judge*, filed the opinion of the Court. TOTH, *Judge*, filed an opinion concurring in part and dissenting in part.

Petitioner Shannon M. Kline served the Nation honorably in the U.S. Navy from June 1999 to March 2003.[1] Petitioner, through counsel, requests extraordinary relief in the form of a writ of mandamus directing the Secretary to advance her appeal on the Board of Veterans' Appeal's docket under 38 U.S.C. § 7107(b) or "disclose the criteria for 'seriously ill' that is required for advancement on the docket."[2] Petitioner also requests certification of a class of individuals with an appeal pending before the Board who filed a motion to advance their appeal due to serious illness, and whose motions were denied "on the basis that such [v]eteran is not 'seriously ill' with no explanation of what standard is being used for the 'seriously ill' standard."[3] However, as we explain below, we cannot address the merits of petitioner's arguments because (1) her individual claim is moot and became so before we certified any class; and (2) the inherently transitory exception to mootness does not apply to the claim before us. So, we will not reach the class certification question or the merits of the claim that petitioner has asserted. Instead, we will dismiss this action as moot.

## I. BACKGROUND

Petitioner has multiple service-connected disabilities, including a panic disorder, impairment of rectal sphincter control associated with irritable bowel syndrome, and urinary stress incontinence associated with total abdominal hysterectomy.[4] In September 2024, the decision review operations center (DROC) increased petitioner's rating for impairment of rectal sphincter control from 60% disabling to 100% disabling effective July 2, 2024.[5] The DROC also increased

---

[1] Petition for extraordinary relief in the form of a writ of mandamus (Pet.) at 1.

[2] *Id.*

[3] Petitioner's request for class certification and class action (RCA) at 1-2.

[4] Pet. Ex. A.

[5] Pet. Ex. C.

Appx001

petitioner's special monthly compensation (SMC) based on aid and attendance/housebound status effective July 2, 2024.[6] Petitioner filed a Notice of Disagreement on September 27, 2024, seeking an earlier effective date and an increased level of SMC and selected the Board hearing docket.[7]

In November 2024, petitioner filed a motion for advancement on the Board's docket, arguing that she was entitled to advancement under section 7107(b) because she had been diagnosed with a serious illness.[8] Petitioner attached a private medical opinion that noted that she "suffers from severe consequences of her PTSD where she has irritable bowel syndrome, internal hemorrhoids, and fecal incontinence" and that concluded that she "is seriously ill, and her activity of daily functions and quality of life are considerably impacted."[9] The Board denied the motion, finding that "[t]here is insufficient supporting medical evidence to demonstrate that you have an illness so serious or grave in nature that advancement is warranted."[10] But the Board also indicated it would consider another motion to advance her appeal if petitioner "submit[ted] additional evidence supporting advancement and set forth succinctly the grounds for consideration."[11]

Petitioner filed a second motion for advancement but failed to enclose any additional evidence or raise any new arguments.[12] The Board denied the second motion on December 18, 2024, again noting insufficient medical evidence of a serious illness or evidence of severe financial hardship.[13] Petitioner filed this action on February 10, 2025, followed by the Request for Class Certification and Class Action (RCA) 2 weeks later.

Petitioner requests a writ directing the Secretary to "advance her appeal before the Board, or to order the Board to disclose the criteria for 'seriously ill' that is required for advancement on the docket."[14] Petitioner argues that the Board arbitrarily refused to grant her first two motions for advancement even though she was "entitled to" advancement based on the "letter from a competent medical authority, evidencing the [v]eteran's seriously ill state."[15] Moreover, petitioner argues that the Board abused its discretion in rejecting the motions based on an "undisclosed standard" for how it defines "seriously ill."[16] In response to the petition, the Secretary contended that petitioner

---

[6] Id.

[7] Pet. Ex. D.

[8] Pet. Ex. E. Ordinarily, "each case before the Board will be decided in regular order according to its respective place on the docket to which it is assigned by the Board." 38 U.S.C. § 7107(a)(4). However, section 7107(b) allows advancement on the docket for "cause shown." 38 U.S.C. § 7107(b). Advancement may be appropriate in cases involving the interpretation of generally applicable laws affecting other claims, serious illness or severe financial hardship, or when other sufficient cause is shown. 38 U.S.C. § 7107(b)(3).

[9] Id.

[10] Pet. Ex. F.

[11] Id.

[12] Pet. Ex. G.

[13] Pet. Ex. H.

[14] Pet. at 1.

[15] Pet. at 7-8.

[16] Pet. at 8, 10.

Appx002

was not entitled to advancement on the docket, focusing his argument on the discretionary nature of the Board's decision in the advancement context.[17] The Secretary also argued that a writ is not appropriate because the Board did not unreasonably delay in adjudicating petitioner's appeal, particularly given petitioner's choice to request a hearing.[18] Further, the Secretary maintained that petitioner failed to exhaust her administrative remedies before she filed her petition because she had not yet requested advancement on the docket based on financial hardship under section 7107(b)(3)(B).[19]

On April 15, 2025, petitioner did just that, filing yet another motion for advancement on the Board's docket.[20] In her third motion for advancement, she argued that she was entitled to advancement on the docket due to her severe illness and financial hardship.[21] Petitioner submitted additional documentation including a personal statement explaining that she required surgery related to a service-connected disability but could not afford it, a statement from her doctor detailing the need for urgent surgery, and a financial status report.[22] The Board granted this third motion on June 4, 2025, and scheduled a hearing on petitioner's claim for September 5, 2025.[23] Petitioner subsequently informed the Court that her case was advanced on the docket so her petition was moot, but she contended that her RCA remained ripe for adjudication.[24]

On July 3, 2025, the Secretary responded to petitioner's RCA. The Secretary argued that because petitioner's claim was advanced on the docket, and no exception to mootness applies, the only claim before the Court is moot and we should dismiss this action.[25] We agree. Because petitioner's claim became moot before a class was certified, and no exception to mootness applies, we cannot reach the class certification question or address the merits of her claim. We must dismiss this action for lack of jurisdiction.

## II. ANALYSIS

Petitioner claims that because she submitted evidence showing she was seriously ill according to a medical provider in her first and second motions to advance her claim, she was entitled to relief under section 7107(b)(3)(B).[26] She also complains that the Board failed to explain its interpretation of "seriously ill" when denying those motions or why petitioner was not "seriously ill" as to warrant advancement.[27] To clarify this definition, petitioner seeks to certify a

---

[17] Secretary's Response (Resp.) to Pet. at 11. This Court denied petitioner's request for leave to reply to the Secretary.

[18] *Id.*

[19] *Id.* at 8.

[20] Petitioner's April 17, 2025, *Solze* Notice, Ex. A.

[21] *Id.*

[22] *Id.*

[23] Secretary's June 17, 2025, *Solze* Notice, Ex. B, C.

[24] Petitioner's June 21, 2025, *Solze* Notice.

[25] Secretary's Resp. to Petitioner's RCA at 2-3.

[26] Pet. at 7-8.

[27] Pet. at 10.

class of individuals who filed motions for advancement that were denied "on the basis that such [v]eteran is not 'seriously ill' with no explanation of what standard is being used."[28]

There is no question that under the All Writs Act, this Court has authority to issue extraordinary writs in aid of its prospective jurisdiction.[29] It is equally clear that the Court may certify classes in appropriate cases.[30] But before we do anything, we have to assure ourselves that the Court has jurisdiction to act.[31] As we explain below, we don't have jurisdiction to consider petitioner's request to certify a class or to act on the merits of her claims because this action is moot.

### A. Petitioner's Individual Claim is Moot.

This Court has adopted the U.S. Constitution's Article III case-or-controversy requirements, which include mootness.[32] The inquiry about mootness is straightforward: "[T]he Court has an independent duty to ensure that a case or controversy still exists. If an appellant receives the benefit or relief sought before the Court reaches a decision, the case becomes moot and the appeal must be dismissed."[33]

Here, petitioner asked us to advance her appeal on the Board's docket.[34] But petitioner has received the relief she asked us to provide her because the Board granted petitioner's third motion to advance her appeal on the docket.[35] Because petitioner received the relief she requested, her claim is moot.[36] Indeed, this matter is not in contention because petitioner agrees her individual claim is moot.[37]

But what about the pending RCA? In a class action, if the case becomes moot as to the individual claimant *after* a class is already certified, the case survives so long a member of the certified class still has a live claim.[38] But if the individual's case becomes moot *before* class

---

[28] RCA at 1-2.

[29] 28 U.S.C. § 1651(a); *see Cox v. West*, 149 F.3d 1360, 1363-64 (Fed. Cir. 1998).

[30] *See* U.S. VET. APP. R. 22, 23.

[31] *See, e.g.*, *Foster v. McDonough*, 34 Vet.App. 338, 351 (2021); *Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019) (per curiam order).

[32] *Mokal v. Derwinski*, 1 Vet.App. 12, 15 (1990).

[33] *Philbrook v. Wilkie*, 32 Vet.App. 342, 345 (2020) (citation omitted), *rev'd on other grounds*, 15 F.4th 1117 (Fed. Cir. 2021); *see Hamill v. McDonough*, 37 Vet. App. 65, 71 (2023), *appeal docketed sub nom. Hamill v. Collins*, No. 24-1543 (Fed. Cir. Mar. 6, 2024); *Monk v. Wilkie*, 32 Vet.App. 87, 97 (2019) (en banc order), *aff'd in part, dismissed in part sub nom. Monk v. Tran*, 843 F. App'x 275 (Fed. Cir. 2021); *Godsey v. Wilkie*, 31 Vet.App. 207, 218 (2019) (per curiam order); *Thomas v. Brown*, 9 Vet.App. 269, 270 (1996) (per curiam order); *Mokal*, 1 Vet.App. at 15.

[34] Pet. at 1.

[35] Secretary's June 17, 2025, *Solze* Notice, Ex. B.

[36] *See Hamill*, 37 Vet. App. at 71.

[37] Petitioner's June 21, 2025, *Solze* Notice at 1.

[38] *Freund v. McDonough*, 114 F.4th 1371, 1379 (2024).

Appx004

certification, the class action is generally also moot, unless an exception applies.[39] Here, we have not certified a class, so the pendency of the RCA does not allow us to proceed unless there is an exception to the general rule. [40] We turn to that question next.

### B. The Inherently Transitory Exception to Mootness Does Not Apply.

Petitioner contends that the inherently transitory exception to mootness applies such that we may proceed to consider the RCA and the petition on the merits.[41] As the Federal Circuit has explained, "the Supreme Court has recognized that '[s]ome claims are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires.'"[42] When the inherently transitory exception applies, the relation back doctrine allows a court to consider the mootness question "as it stood when the complaint was filed."[43]

The key feature in terms of determining whether a certain claim is inherently transitory is uncertainty about whether such a claim would remain a live one such that a court would ever be able to reach the merits.[44] In that vein, we have described the doctrine as dealing with claims that are "unavoidably time-sensitive" and "acutely susceptible to mootness."[45] At base, the exception is one rooted in practicality. When a claim is, by its very nature, so likely to be resolved before a court can reach the merits, we allow consideration of the merits, so long as the matter was not moot when the case was filed.

The claim at issue in the Federal Circuit's recent decision in *Freund* is an excellent example of the type of claim that is inherently transitory. In that case, an error in a VA computerized docketing system inadvertently closed more than 3,000 legacy appeals before the Board acted on them.[46] Two claimants whose appeals were improperly closed filed (1) a petition for a writ of mandamus asking this Court to reopen their appeals and (2) an RCA concerning a class of other claimants whose appeals had also been inappropriately closed.[47] But within 2 weeks of filing the petition, VA reactivated the appeals of the named petitioners (the proposed class representatives)

---

[39] *Id*. (citing *United States v. Sanchez-Gomez*, 584 U.S. 381, 386 (2018)).

[40] *Freund,* 114 F.4th at 1379.

[41] Petitioner's June 21, 2025, *Solze* Notice at 2.

[42] *Freund*, 114 F.4th at 1379 (quoting *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 399 (1980)).

[43] *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 52 (1991); *Freund,* 114 F.4th at 1379; *Godsey,* 31 Vet.App. at 219.

[44] *Unan v. Lyon*, 853 F.3d 279, 287 (6th Cir. 2017) (noting that the inherently transitory exception applied when a named plaintiff does not know whether her claim will remain live long enough to certify a class); *Gawry v. Countrywide Home Loans, Inc.*, 395 F. App'x 152, 158-59 (6th Cir. 2010) ("The crux of the 'inherently transitory' exception is the uncertainty about the length of time a claim will remain alive."); *see Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76-77 (2013) (discussing the exception an noting that it deals with "the fleeting nature of the challenged conduct giving rise to the claim").

[45] *Hamill*, 37 Vet. App. at 75 (quoting *Godsey*, 31 Vet.App. at 218).

[46] *Freund*, 114 F.4th at 1375.

[47] *Id.*

and their individual claims became moot.[48] Importantly, it was not mere chance that VA reactivated the named petitioners' administrative appeals. Rather, the Secretary's policy was to reactivate any erroneously closed appeal as soon as the error became known.[49] The Federal Circuit found that the claim at issue was inherently transitory because any claimant who sought to have a court address the wrongful appeal closing issue would, under the Secretary's policy of reactivation, never have that claim remain live long enough to receive a judicial decision.[50] In other words, any individual claim would quickly and unavoidably become moot, so, without an exception, the challenged conduct would be effectively unreviewable.

The situation we face today stands in marked contrast to the classic example the Federal Circuit dealt with in *Freund*. It is true that petitioner received the relief she sought from the Secretary, advancement on the Board's docket, before this Court could rule on the RCA or address the merits of the petition. Critically, however, the Board did not quickly grant this relief on its own initiative, as was the case in *Freund*.[51] Instead, the Board acted in a way that mooted petitioner's claim because *petitioner* filed a third motion to advance her appeal before the Board.[52] Without this third motion, there is no indication whatsoever that the Board would have reconsidered its denial of petitioner's earlier motions or otherwise acted to advance her appeal on the docket *sua sponte*. In short, petitioner's own action, not any Board process or policy, caused the Board to grant her relief and mooted her individual claim. There simply is nothing in the nature of the claim in this case that goes to the rationale for the inherently transitory exception—uncertainty that the very nature of the claim will make it difficult for a court to ever reach the merits of that type of claim.[53] Practically speaking, there is no such uncertainty here. Without any action on her part, petitioner's interest would have remained unchanged until the Court adjudicated her petition.

In addition to considering the nature of the claim here in the abstract, we have the rather unusual opportunity to have a concrete example that makes it clear that questions related to motions for advancement on the docket are not so fleeting that they generally evade judicial review. In *Heller v. McDonough*, petitioner sought a writ of mandamus to advance his claim on the docket.[54] Mr. Heller filed his petition in May 2024.[55] The Court ordered the Secretary to

---

[48] *Id.*

[49] *Id.*

[50] *Id.*

[51] *Id.*; *see also Bellin v. Zucker*, 6 F.4th 463, 473 (2d Cir. 2021) (holding that a Medicaid beneficiary's claim for increased benefits was inherently transitory because any request would likely be processed within 28 days, which is generally not enough time to sue and obtain class certification); *Robidoux v. Celani*, 987 F.2d 931 (2d Cir. 1993) (finding the appellant's claims inherently transitory because the claimant's application for public benefits would almost always be processed before a plaintiff could obtain relief through litigation).

[52] Secretary's June 17, 2025, *Solze* Notice, Ex. A.

[53] *See Unan*, 853 F.3d at 287.

[54] 38 Vet.App. 75, 79 (2024) (per curiam order).

[55] *Id.*

respond, which he did on June 26, 2024.[56] The Court issued a single-judge order on July 16, 2024.[57] Thereafter, Mr. Heller filed a motion for reconsideration, and the Court ordered the Secretary to respond.[58] The Court eventually granted the motion for reconsideration, withdrew the single-judge order, and referred the matter to a panel for issuance of a precedential order.[59] Finally, in November 2024, the Court issued a precedential order granting-in-part and dismissing-in-part the petition.[60]

While no single case provides a brightline rule, comparing *Heller* with *Freund* is telling. In *Freund,* there simply was no way a court could ever move fast enough to reach the merits of the claim concerning inappropriately closed appeals. The moment an individual sought judicial assistance due to an inappropriately closed appeal (or informed VA of the inappropriate closing), VA reactivated the appeal. But *Heller* shows that the Court is fully able to reach the merits of a claim related to advancement on the docket. Indeed, the Court issued two decisions in *Heller* with no indication that the claim may become moot. And here, what distinguishes Ms. Kline's situation from that of Mr. Heller is not the nature of the claim. The claims are functionally the same. Rather, the distinguishing feature is that Ms. Kline elected to take an action that required the Board to respond. That is why her claim was advanced on the docket. The mooting of the claim had nothing to do with the claim being inherently unlikely to remain live long enough for a court to act.

In short, petitioner's claim does not fall within the inherently transitory exception to mootness. Without an exception, the pendency of the RCA does not prevent the action from becoming moot.[61] And that means we have only one course of action: to dismiss this appeal.

### III. CONCLUSION

The Board granted petitioner the relief she sought in this Court through her petition—advancement on the Board's docket. Her individual claim is therefore moot. And because a class was not yet certified at the time petitioner's individual claim became moot, the only way we could proceed would be if an exception to the mootness doctrine applies. However, the inherently transitory exception to mootness, the only exception that could conceivably apply, does not. That means that we lack jurisdiction to consider the RCA or the petition on the merits.

---

[56] *Id.* at 80.

[57] *Id.* at 81.

[58] *Id.*

[59] *Id.* at 82.

[60] *Id.* at 79. It's also worth mentioning that the Court also considered something akin to advancement on the docket in *Wiggins v. Collins.* The issue was whether claims should be expedited under 38 U.S.C. § 7112(b). No. 24-4591, __ Vet.App. __, 2025 WL 2210320 (Aug. 1, 2025) (per curiam order). Ms. Wiggins petitioned the Court for a writ in July 2024, which, after hearing oral argument, we denied in August 2025. As in *Heller*, there is nothing to suggest that a claim concerning expediting an appeal before the Board is inherently unlikely to remain live long enough for a court to act. In fact, the case suggests the opposite.

[61] There is no suggestion that this is a case of "picking off," a situation in which a party acts to moot a claim as a litigation strategy. *See Freund*, 114 F.4th at 1380, n.8. As we have discussed, petitioner's claim became moot only after she prompted the Agency to act.

Upon consideration of the foregoing, it is

ORDERED that this action is DISMISSED as moot.

DATED: October 1, 2025                                             PER CURIAM.

TOTH, *Judge*, concurring in part, dissenting in part: Whether the class meets the inherently transitory exception is a close call, and, although I generally don't disagree with my colleagues' analysis, I would sooner address the class certification petition on the merits rather than invoke mootness. The time sensitive nature of the motions to advance on the docket render them well-disposed to the inherently transitory exception. *See Freund v. McDonough*, 114 F.4th 1371, 1376 (Fed. Cir. 2024) (defining an inherently transitory claim).

However, I would deny certification on grounds that class certification is not appropriate under Rule 23(a)(5), which requires the Secretary to have "acted or failed to act on grounds that apply generally to the class, so that final injunctive or appropriate relief is appropriate respecting the class as a whole." U.S. VET. APP. R. 23(a)(5). Here, the petition requests this Court to order the Secretary to provide notice of how the Agency defines "serious illness" under 38 U.S.C. § 7107(b) for assessing motions to advance on the docket. But there has been no refusal to act on the Secretary's part because no party has yet requested that the Secretary engage in rulemaking to publicly disclose the criteria by which VA assesses whether a claimant seeking to advance on the docket can be deemed "seriously ill" under section 7107(b). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011) (noting that analysis of Rule 23 requirements "will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped."); *see also Bowling v. McDonough*, 38 F.4th 1051, 1062 n.6 (Fed. Cir. 2022) (explaining that "an evident avenue to pursue [modification of a regulation] is to file with VA a petition for rulemaking . . . and, if necessary, to seek judicial review").

Mandamus is an extraordinary remedy and is not appropriate where other viable avenues for relief exist. Beyond any possible remedy under 38 U.S.C. §§ 501 (the Secretary's sua sponte rulemaking) and 502 (judicial review of VA's rules and regulations at the Federal Circuit), the parties seeking class certification can seek recourse under 5 U.S.C. § 553(e) by petitioning VA to engage in rulemaking that discloses how it adjudicates motions to advance on the docket. Denials of such petitions are subject to judicial review. *Preminger v. Sec'y of Veterans Affs.*, 632 F.3d 1345 (Fed. Cir. 2011). The petitioner has taken no actions requesting rulemaking, and mandamus is not the appropriate avenue to initiate such rulemaking. And because mandamus ordering the Secretary to disclose the criteria used to assess whether a claimant is seriously ill under section 7107(b) is not appropriate relief for an individual claimant, there are no grounds to believe that such relief would be appropriate on a class-wide basis in line with Rule 23(a)(5).

So, I concur that Ms. Kline's petition is moot but dissent insofar as I would deny rather than dismiss the class certification motion.

8

Appx008

Case: 25-1002   Page: 1 of 1   Filed: 10/23/2025

*Not Published*

## UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No: 25-1002

Shannon M. Kline, Petitioner,

v.

Douglas A. Collins,
Secretary of Veterans Affairs, Respondent.

### JUDGMENT

The Court has issued a decision in this case. The time allowed for motions under Rule 35 of the Court's Rules of Practice and Procedure has expired.

Under Rule 36, judgment is entered and effective this date.

Dated: October 23, 2025

FOR THE COURT:

TIFFANY M. WAGNER
Clerk of the Court

By: /s/ Kelly Saah
Deputy Clerk

Copies to:

Benjamin R. Binder, Esq.

VA General Counsel (027)

Appx009