**No. 2026-1348**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FEDERAL CIRCUIT**

---

SHANNON M. KLINE,

Claimant-Appellant,

v.

DOUGLAS A. COLLINS,
Secretary of Veterans Affairs,

Respondent-Appellee.

---

On Appeal from the Court of Appeals for Veterans Claims in Case No. 25-1002,
Chief Judge Allen, Judge Pietsch, Judge Toth

---

# RESPONDENT-APPELLEE'S BRIEF

---

BRETT A. SHUMATE
*Assistant Attorney General*

PATRICIA M. MCCARTHY
*Director*

ERIC P. BRUSKIN
MARGARET J. JANTZEN
*Attorneys, Commercial Litigation Branch*
*Civil Division, U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) 353-7994*

*Of Counsel:*

JONATHAN KRISCH
*Senior Attorney*
*U.S. Department of Veterans Affairs*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ... 1

STATEMENT OF THE ISSUE ... 2

STATEMENT OF JURISDICTION ... 2

STATEMENT OF THE CASE ... 3

I. Statutory Background ... 3

II. Factual Background ... 4

SUMMARY OF ARGUMENT ... 8

ARGUMENT ... 9

I. Standard of Review ... 9

II. The Veterans Court Correctly Applied the Inherently Transitory Exception in Finding That the Exception Does Not Apply ... 10

A. The Veterans Court Applied the Correct Standard in Finding That Board Advancement Claims Are Not Inherently Transitory ... 12

B. Challenges to Board Advancement Determinations Do Not Evade Judicial Review ... 16

CONCLUSION ... 18

# TABLE OF AUTHORITIES

## Cases

*Gerstien v. Pugh*,
420 U.S. 103 (1975) .................... 11, 15

*Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*,
607 F.3d 817 (Fed. Cir. 2010) .................... 10

*Beasley v. Shinseki*,
709 F.3d 1154 (Fed. Cir. 2013) .................... 2-3, 3, 10

*Conway v. Principi*,
353 F.3d 1369 (Fed. Cir. 2004) .................... 10

*County of Riverside v. McLaughlin*,
500 U.S. 44 (1991) .................... 11

*Freund v. McDonough*,
114 F.4th 1371 (Fed. Cir. 2024) .................... 6, 7, 11, 12, 14, 15

*Genesis Healthcare Corp. v. Symczyk*,
569 U.S. 66 (2013) .................... 10, 14, 15, 17

*Hargrove v. Shinseki*,
629 F.3d 1377 (Fed. Cir. 2011) .................... 3

*Heller v. McDonough*,
38 Vet. App. 75 (2024) .................... 7, 8, 15

*Johnson v. Collins*,
No. 25-1621, 2025 WL 3043074 (Vet. App. Oct. 31, 2025) .................... 9, 15

*Kramer v. Wilkie*,
842 F. App'x 599 (Fed. Cir. 2021) .................... 3

*Prenzler v. Derwinski*,
928 F.2d 392 (Fed. Cir. 1991) .................... 10

*Wanless v. Shinseki*,
618 F.3d 1333 (Fed. Cir. 2010) .................... 9

## Statutes

38 U.S.C. § 502 .................... 17

38 U.S.C. § 7107 .......... 3, 4, 8, 10, 11, 16
38 U.S.C. § 7292 .......... 2, 3, 9, 10

**Other**

38 C.F.R. § 20.800 .......... 4
Federal Circuit Rule 47.5 .......... 1
Veterans Appellate Rule 23 .......... 8

## STATEMENT OF RELATED CASES

No other appeal in or from the present civil action has previously been before this or any other appellate court. The government is not aware of any related cases within the meaning of Federal Circuit Rule 47.5(b).

## INTRODUCTION

In 2024, claimant-appellant Shannon Kline filed two successive motions to advance her appeal on the docket of the Board of Veterans' Appeals (board) based on serious illness. The board denied both as having insufficient supporting medical evidence of serious illness. Subsequently, Ms. Kline filed at the Court of Appeals for Veterans Claims (Veterans Court) (1) a petition for a writ of mandamus to compel the board to advance her appeal, and (2) a request for class certification. While that petition was pending, Ms. Kline filed a third motion for advancement at the board, based on serious illness and financial hardship with additional supporting documentation. The board granted her third motion and, as she conceded, her individual claim before the Veterans Court became moot.

Ms. Kline nevertheless urged the Veterans Court to certify a class of individuals who filed motions for advancement at the board that were denied under the serious illness standard. She argued that although her individual claim was moot, the inherently transitory exception to mootness applies and the court should consider class certification and the petition's merits. The Veterans Court rejected that argument, concluding that claims for board advancement are not inherently transitory. The court therefore dismissed Ms. Kline's petition as moot.

On appeal, Ms. Kline argues that the Veterans Court applied an incorrect legal standard for the inherently transitory exception to mootness because it focused on the way in which *her* claim became moot rather than on the inherent nature of the

challenged conduct. But Ms. Kline misreads the Veterans Court's decision. The Veterans Court indeed focused on the inherent nature of the challenged conduct and applied the correct legal standard. Thus, Ms. Kline's appeal is simply premised on a mischaracterization and raises no non-frivolous legal question for the Court to resolve. While Ms. Kline may disagree with the Veterans Court's application of the correct legal standard to her claim, that does not raise a question within this Court's jurisdiction. Accordingly, the Court should dismiss the appeal or, in the alternative, affirm the Veterans Court's decision because it correctly held that claims concerning docket advancement are not inherently transitory.

## STATEMENT OF THE ISSUE

Whether the Veterans Court applied an incorrect legal standard for the inherently transitory exception to mootness.

## STATEMENT OF JURISDICTION

Ms. Kline filed a timely notice of appeal from a final judgment of the Veterans Court. Pursuant to 38 U.S.C. § 7292(a), this Court possesses jurisdiction to review the decision of the Veterans Court with respect to a rule of law. However, this Court may not review any factual determinations or applications of law to the facts of a particular case (except to the extent that the appeal presents a constitutional issue). 38 U.S.C. § 7292(d)(2).

These jurisdictional limitations apply with equal force in appeals from Veterans Court decisions denying petitions for writs of mandamus. *Beasley v. Shinseki*, 709 F.3d

1154, 1158 (Fed. Cir. 2013); *Kramer v. Wilkie*, 842 F. App'x 599, 602 (Fed. Cir. 2021) (unpublished). In such appeals, the Court's review is limited to determining whether the appeal "raises a non-frivolous legal question" within the Court's jurisdiction under 38 U.S.C. § 7292(a). *Beasley*, 709 F.3d at 1158. The Court may not "review the factual merits of the veteran's claim" or otherwise "interfere with the [Veterans Court's] role as the final appellate arbiter of the facts underlying a veterans claim or the application of veterans' benefits law to the particular facts of a veteran's case." *Id.*; *see* 38 U.S.C. § 7292(d)(2). Thus, only where an appeal from the Veterans Court's denial of a petition for a writ of mandamus properly presents a nonfrivolous legal question may that determination be reviewed by the Court for abuse of discretion. *See Hargrove v. Shinseki*, 629 F.3d 1377, 1378 (Fed. Cir. 2011).

## STATEMENT OF THE CASE

### I. Statutory Background

38 U.S.C. § 7107(a)(4) states that, "[e]xcept as provided in subsection (b), each case before the [b]oard will be decided in regular order according to its respective place on the docket." Subsection (b)(1) provides that "[a] case on one of the dockets of the [b]oard . . . may, for cause shown, be advanced on motion for earlier consideration and determination." Subsection (b)(3) states that

> [s]uch a motion may be granted only—
> (A) if the case involves interpretation of law of general application affecting other claims;
> (B) if the appellant is seriously ill or is under severe financial hardship; or

(C) for other sufficient cause shown.

These statutory provisions are reiterated virtually verbatim in 38 C.F.R. § 20.800(b) and (c)(1).

## II. Factual Background

Ms. Kline served in the U.S. Navy from 1999 to 2003. Appx43.[1] In September 2024, the Department of Veterans Affairs (VA) assigned her a 100% rating for her service-connected disability, plus special monthly compensation, effective July 2024. Appx43. Later that month, she appealed the assigned effective date to the board. Appx48.

In November 2024, Ms. Kline filed a motion for advancement on the board's docket. Appx50-53. In support, she provided argument and one medical opinion purporting that she is seriously ill. Appx50-53; *see* 38 U.S.C. § 7107(b)(3)(B) (permitting advancement "if the appellant is seriously ill"). Later that month, the Senior Deputy Vice Chairman of the board (SDVC) denied her motion, Appx55-56, finding "insufficient supporting medical evidence to demonstrate that you have an illness so serious or grave in nature that advancement is warranted." Appx55. The SDVC acknowledged Ms. Kline's medical evidence and argument but noted that advancement cannot be granted for every veteran with a 100% rating or a condition that one clinician deems "serious." Appx55. The SDVC did, however, express a

---

[1] "Appx" refers to the joint appendix that will be filed in this case.

willingness to consider a new motion for advancement with "additional evidence." Appx56.

Within one day of the SDVC denial, Ms. Kline submitted a second motion for advancement with additional legal arguments, but no additional evidence. Appx58-61. In December 2024, the SDVC denied this second motion for "insufficient supporting medical evidence," but again expressed a willingness to consider a new motion for advancement with "additional evidence." Appx63.

In February 2025, Ms. Kline filed her petition for extraordinary relief in the nature of a writ of mandamus. Appx10-30. She requested that the Veterans Court order the board to advance her appeal or disclose the criteria for "seriously ill" that is required for advancement on the docket. Appx15. Two weeks later, she filed a motion for certification of a class of claimants who (1) have an appeal pending before the board and (2) have been denied advancement "on the basis that such [v]eteran is not 'seriously ill' with no explanation of what standard is being used for the 'seriously ill' standard." Appx70-71; *see* Appx70-80.

While her petition at the court was pending, on April 15, 2025, Ms. Kline filed a third motion for advancement at the board. Appx85-90. This time, she argued not just serious illness, but also severe financial hardship, and provided new evidence to support her motion. Appx85. In June 2025, the Acting Deputy Vice Chairman granted the motion, finding "[g]ood or sufficient cause has been shown." Appx92. Ms. Kline notified the Veterans Court that her individual petition was now moot,

though she argued that the Veterans Court litigation should proceed for the putative class under the inherently transitory exception to mootness. Appx99-101.

In an October 22, 2025 panel decision, the Veterans Court found that the inherently transitory exception did not apply in these circumstances and dismissed the petition as moot. Appx1-8. In its analysis, the court explained that the inherently transitory exception applies to claims that "are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." Appx5 (quoting *Freund v. McDonough,* 114 F.4th 1371, 1379 (Fed. Cir. 2024) (quoting *U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 399 (1980))).

Applying that standard to the facts here, the court found that the putative class's claims did not qualify for the exception. Appx6. The court explained that disputes regarding board advancement were not *inherently* transitory. *Id.* If Ms. Kline had not filed a third motion for advancement, "there is no indication whatsoever that the [b]oard would have reconsidered its denial of petitioner's earlier motions or otherwise acted to advance her appeal on the docket *sua sponte*"—and her "interest would have remained [live and] unchanged until the [c]ourt adjudicated her petition." *Id.* In other words, it was Ms. Kline's third motion—not anything inherent in the nature of board advancement disputes—that led to the mootness here. Appx6.

In contrast to Ms. Kline's case and board advancement disputes in general, the court cited this Court's recent decision in *Freund* as "an excellent example of the type

of claim that is inherently transitory." Appx5. In *Freund,* anytime a claimant sought to have the court address a wrongful appeal closure, VA—under its established policy of reactivating wrongful closures—would reactivate the appeal. Appx6 (citing 114 F.4th at 1375). As a result, no claimant would ever retain a live interest long enough to receive a judicial decision on the closure issue, rendering the issue effectively unreviewable. *Id.* But Ms. Kline's case stood "in marked contrast"—without any action on her part, her dispute regarding board advancement would have remained live and would have received a judicial decision. *Id.*

As further support that board advancement claims are not inherently transitory, the court pointed to *Heller v. McDonough*, 38 Vet. App. 75 (2024). Appx6. In *Heller,* the petitioner filed a petition disputing the board's denial of advancement in May 2024—and the case remained live through the court's November 2024 decision. Appx6-7. "*Heller* shows," the court explained, "that the [c]ourt is fully able to reach the merits of a claim related to advancement" without being preemptively mooted. Appx7. Whereas in *Freund* "there simply was no way a court could ever move fast enough to reach the merits of the claim concerning inappropriately closed appeals" because VA was immediately reactivating such appeals upon learning of the closure, a petition concerning board advancement—as in *Heller* and Ms. Kline's case—is not "inherently" at risk of being mooted before a court can act. Appx7.

Concurring in part and dissenting in part, Judge Toth stated that he did not disagree with his colleagues' analysis of the inherently transitory exception. Appx8.

However, because it was a "close call," he would have instead denied class certification "on the merits rather than invoke mootness." *Id.* More specifically, he would have denied class certification under VET. APP. R. 23(a)(5), explaining that, because no party had petitioned VA to engage in rulemaking defining the term "seriously ill" in 38 U.S.C. § 7107(b), this case involved no VA "fail[ure] to act" with regard to either a particular claimant or the class as a whole. Appx8 (quoting VET. APP. R. 23(a)(5) (providing prerequisites for a Veterans Court class action)).

This appeal followed. Appx108.

## SUMMARY OF ARGUMENT

Ms. Kline's petition for mandamus at the Veterans Court was rendered moot by her own actions and not by anything inherent in the nature of the claim for advancement on the docket. Ms. Kline continued to pursue advancement while the mandamus petition was pending. She was successful on her third motion to the board and was granted advancement on the docket – i.e., the same relief sought by her petition for mandamus. As she conceded, this mooted her petition.

Given her pending request for class certification, the Veterans Court considered whether the inherently transitory exception to mootness applied to keep the putative class claims live. The Veterans Court evaluated whether board docket advancement disputes were, by their nature, inherently fleeting in a way that would prevent a court from certifying a class or reaching the merits before an individual's interest in the claim would necessarily expire. This is the correct legal standard and is

fully consistent with the standard that Ms. Kline argues *should* be applied. Thus, there is no non-frivolous legal question for the Court to resolve and the appeal should be dismissed.

Applying the correct legal standard to the type of dispute at issue, the Veterans Court concluded that board advancement disputes are not, by their nature, inherently fleeting. If the Court reaches the merits of Ms. Kline's appeal, it should affirm. As exemplified by the *Heller and Johnson* cases, petitions on these types of disputes can be litigated to completion without any time-bound impediments. *See Johnson v. Collins,* No. 25-1621, 2025 WL 3043074 (Vet. App. Oct. 31, 2025).

## ARGUMENT

### I. Standard of Review

This Court's jurisdiction to review decisions by the Veterans Court is limited by statute. *Wanless v. Shinseki*, 618 F.3d 1333, 1336 (Fed. Cir. 2010). Under 38 U.S.C. § 7292(a), this Court has jurisdiction to review a Veterans Court decision with respect to the validity of a decision on a rule of law or the validity or interpretation of any statute or regulation relied on by that court in making that decision. This Court also has jurisdiction to "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision," and "decide all relevant questions of law." 38 U.S.C. § 7292(c), (d)(1). However, this Court may not "review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case," except to the extent that the appeal presents a constitutional

issue. 38 U.S.C. § 7292(d)(2); *see*, *e.g.*, *Conway v. Principi*, 353 F.3d 1369, 1372 (Fed. Cir. 2004).

For appeals involving petitions for a writ of mandamus, this Court possesses jurisdiction to "review the [Veterans Court's] decision whether to grant a mandamus petition that raises a non-frivolous legal question," but cannot "review the factual merits of the veteran's claim." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). This Court reviews legal determinations of the Veterans Court *de novo*. *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed. Cir. 1991).

## II. The Veterans Court Correctly Applied the Inherently Transitory Exception in Finding That the Exception Does Not Apply

The inherently transitory exception to mootness[2] applies when "the claims raised are so inherently transitory that the trial court will not have even enough time to rule on a motion for class certification before the proposed representative's individual interest expires." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 76 (2013).[3] This exception "was developed to address circumstances in which the challenged

---

[2] As this is the only exception to mootness argued by Ms. Kline, it is the only one we address. *Advanced Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 833 (Fed. Cir. 2010) ("This court has consistently held that a party waives an argument not raised in its opening brief.").

[3] Under this exception, it also must be "certain that other persons similarly situated will continue to be subject to the challenged conduct." *Id.* We do not dispute that other claimants will be subject to the board's application of the "seriously ill" standard of 38 U.S.C. § 7107(b).

conduct was effectively unreviewable, because no plaintiff possessed a personal stake in the suit long enough for litigation to run its course." *Id.* Consistent with its name and purpose, the doctrine "has invariably focused on the fleeting nature of the challenged conduct giving rise to the claim." *Id.* at 76-77.

At its core, the inherently transitory exception applies to disputes that are bound by their nature to lapse before a class ruling can issue, making the challenged conduct effectively unreviewable. For example, in *Gerstein v. Pugh*, the named plaintiff's pretrial detention ended prior to class certification, but the Supreme Court allowed the litigation to proceed because "[p]retrial detention is by nature temporary" and it was unclear whether "any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." 420 U.S. 103, 110 n.11 (1975); *see also County of Riverside v. McLaughlin,* 500 U.S. 44, 52 (1991) (involving probable cause determinations in pretrial detention).

More recently, in *Freund*, this Court applied the inherently transitory exception to a situation where VA, through an error associated with a computerized docketing system, inadvertently closed thousands of appeals and withheld action on them. 114 F.4th at 1375. After a mandamus petition shed light on this error, and requested class certification, VA reactivated the petitioners' closed appeals, consistent with its policy of immediately reactivating a wrongfully closed appeal as soon as it learns of the wrongful closure. *Id.* at 1379-80. The Court found that "[a]n individual claim in this case is very likely to become moot before the Veterans Court can rule on class

certification because" of the timing of VA's reactivations, which "happen quickly, often within days." *Id.* at 1379-80. "These short timelines," the Court concluded, "make it possible, indeed likely, that an individual claim will become moot." *Id.* at 1380. "The reality" was that "each claim will be … immediately restored," and therefore mooted, "once it becomes known." *Id.* at 1380.

### A. The Veterans Court Applied the Correct Standard in Finding That Board Advancement Claims Are Not Inherently Transitory

Ms. Kline argues that the Veterans Court applied an incorrect standard for the inherently transitory exception that departs from settled precedent and misapplies this Court's decision in *Freund*. Appellant's Brief (App. Br.) at 12. However, this argument misreads the Veterans Court's decision and mischaracterizes the legal standard applied by the Veterans Court.

The Veterans Court explained that "[t]he key feature" in determining "whether a certain claim is inherently transitory is uncertainty about whether such a claim would remain a live one such that a court would ever be able to reach the merits." Appx5. The exception is "rooted in practicality" as to whether the dispute at issue is "unavoidably time-sensitive" and "acutely susceptible to mootness" in a way that would render it "effectively unreviewable." Appx5-6. Applying that standard to the dispute raised by Ms. Kline and the putative class, the Veterans Court considered whether "questions related to motions for advancement on the docket" are "so fleeting that they generally evade judicial review." Appx6.

This approach is exactly what Ms. Kline advocates for on appeal. *See* App. Br. at 7 ("whether the challenged conduct is so fleeting or self-extinguishing that courts will consistently lose the ability to review the controversy before class certification can occur"); App. Br. at 15 (arguing that an inherently transitory analysis must be practical and focused on whether the challenged conduct is effectively unreviewable). Thus, there is no genuine legal dispute here. Rather, it appears that Ms. Kline has alleged an incorrect standard simply to mask her disagreement with the outcome of the Veterans Court's application of the correct standard to the facts here.

Ms. Kline nevertheless argues that the Veterans Court improperly treated "the manner in which mootness occurred as dispositive of whether the inherently transitory exception applied." App. Br. at 19, 2 (contending that the Veterans Court treated "agency-driven mootness" as "necessary for the inherently transitory exception to apply"). In other words, Ms. Kline assertss that the Veterans Court adopted a rule that the exception cannot apply where the claimant's own actions (here, Ms. Kline filing a third motion for advancement) mooted the claim. App. Br. at 14-15.

The Veterans Court created no such rule. It examined the *nature* of a board advancement dispute, and found (citing its own *Heller* decision) that such disputes can be and have been litigated to completion. *See* Appx6-Appx7.

In *Heller*, a claimant petitioned for a writ of mandamus to advance his claim on the docket. Following a series of motions, orders, and reconsiderations, the Veterans

Court ultimately issued a precedential order on the petition, granting it in part and dismissing it in part – all without the claim becoming moot. *Id.* As the Veterans Court explained, this example shows that questions related to motions for advancement on the docket do not necessarily or effectively evade judicial review, as Ms. Kline suggests. The Veterans Court then compared the scenario involving motions for advancement on the docket to *Freund,* in which "there was simply [ ] no way a court could ever move fast enough to reach the merits of the claim." Appx7. This did not, as Ms. Kline suggests, improperly shift the inquiry to a "focus on the procedural sequence through which [Ms. Kline's] individual claim became moot," (App. Br. 19), but only illustrated an example of what is or is not *inherently* transitory. Indeed, although Ms. Kline portrays the Veterans Court as converting the *Freund* circumstances into "a mandatory prerequisite" for applying the inherently transitory exception, App. Br. at 9, the Veterans Court only used the *Freund* circumstances as an "excellent example" warranting the exception, not an exclusive route to the exception. Appx5; *see id.* at 5-7.

In *Genesis,* the Supreme Court considered a similar factor in holding that the doctrine's focus must be on the "fleeting nature of the challenged conduct giving rise to the claim," and not on a party's litigation strategy. 569 U.S. at 76-77. The defendant in *Genesis* made an offer of judgment to plaintiff that "fully satisfied her individual [damages] claim." *Id.* at 70. The offer mooted plaintiff's claim before any other individuals had joined the suit. *Id.* The inherently transitory exception did not

apply to account for this litigation posture because the focus of the doctrine must be on the fleeting nature of the claim itself, and "not on defendant's litigation strategy". *Id.* at 76-77. The same is true here.

There is nothing inherently fleeting about a claim for advancement on the docket, or a petition seeking mandamus to advance a claim. Unlike circumstances of pre-trial determination or immediate agency reactivations, *Gerstein,* 420 U.S. at 110 n.11; *Freund,* 114 F.4th at 1379, there is no time-bound impediment to an individual's continuing interest in advancement. The unique fact that Ms. Kline pursued another request for advancement, with additional evidence, after filing the petition is what rendered this claim moot. But, for the majority of board advancement disputes, mootness is not a concern. *See Heller*, 38 Vet. App. at 75-87; *Johnson,* 2025 WL 3043074, at *1-*3. As the Veterans Court recognized, while Ms. Kline's personal interest was mooted here, that was not spurred by anything *inherent* in her dispute. If a claimant files a petition regarding a board advancement dispute and does nothing more on the administrative side, there would be no "difficult[y] for a court to [ ] reach the merits of" the petition. Appx6.

We agree that the inherently transitory analysis must be "practical" and based on the "reality" of the situation. *See* App. Br. at 18; *see also Freund,* 114 F.4th at 1380 ("The reality is that each claim will be addressed and immediately restored by the Secretary once it becomes known."). The Veterans Court's analysis was exactly that – practical and based on the reality of board advancement disputes and whether they are

likely to be mooted before court action. Appx6-7 (citing *Heller* as a practical example of a board advancement dispute that was resolved at the Veterans Court without being mooted). There is therefore no genuine legal dispute or non-frivolous legal question here for this Court to resolve. *Beasley*, 709 F.3d at 1158.[4] The Veterans Court applied the correct standard and this Court should dismiss this appeal.

### B. Challenges to Board Advancement Determinations Do Not Evade Judicial Review

Ms. Kline raises a broader concern about the reviewability of board advancement determinations since they are not final decisions appealable to the Veterans Court. App. Br. at 23-28 ("[R]ecurring advancement-on-the-docket disputes will repeatedly become moot before courts can adjudicate them, and the [b]oard's interpretation and application of [the term 'seriously ill' in 38 U.S.C. § 7107(b)] may effectively escape judicial review altogether."). But, again, there is no indication that board advancement disputes addressed in petitions for mandamus "will repeatedly become moot before courts can adjudicate them." App. Br. at 26. As the Veterans Court pointed out, *Heller* provides a "concrete example that makes clear that questions related to motions for advancement on the docket are not so fleeting that they generally evade judicial review" and that the Veterans Court is "fully able to

[4] Although Judge Toth stated that the majority's application of law to fact here was a "close call," he did not suggest that the majority applied an incorrect legal standard or otherwise disagreed with the majority's analysis. Appx8.

reach the merits of a claim related to advancement on the docket." Appx6-7. Ms. Kline's concern about repeated mootness is therefore unfounded.

And, by itself, the fact that board advancement determinations are not final decisions has no bearing on the inherently transitory analysis. App. Br. 23-24. The "effectively unreviewable" aspect of the inherently transitory exception is about time—whether a court would have "enough time to rule on . . . class certification" in a particular dispute. *Genesis Healthcare Corp.*, 569 U.S. at 76. There is no inherent time-bound impediment to obtaining a class ruling on a petition concerning docket advancement.

Ms. Kline also emphasizes "the Board's repeated denial of advancement motions under an undefined," and "seemingly subjective, 'seriously ill' standard" as a "structurally recurring controversy affecting a continuing class of claimants." App. Br. 21. If so, there are multiple avenues claimants can take to secure court interpretation of the term "seriously ill" in § 7107(b), including filing for judicial review of relevant board regulations under 38 U.S.C. § 502 or filing a petition for VA rulemaking (the denial of which would be reviewable by this Court under § 502). In addition, other claimants are free to vindicate their rights in their own advancement motions and petitions for mandamus, which—as noted above—are not at any inherent risk of being mooted. *Genesis Healthcare Corp.*, 569 U.S. at 76. Such claimants are "no less able to have their claims" adjudicated – in a class action or otherwise – following Ms. Kline's suit "than if her suit had never been filed at all." *Id.* at 77.

At bottom, the Veterans Court correctly determined that there is nothing inherently transitory about the nature of a claim for advancement on the docket that would preclude other claimants from pursuing their own petitions seeking to define the "seriously ill" standard without their claim being mooted. As a result, to the extent the Court does not dismiss this appeal, it should affirm the Veterans Court's decision.

## CONCLUSION

For these reasons, this appeal should be dismissed or, in the alternative, the judgment of the Veterans Court should be affirmed.

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

PATRICIA M. McCARTHY
*Director*

ERIC P. BRUSKIN
*Assistant Director*

/s/ Margaret J. Jantzen
MARGARET J. JANTZEN
*Senior Trial Counsel*
*Commercial Litigation Branch*
*Civil Division*
*U.S. Department of Justice*
*P.O. Box 480, Ben Franklin Station*
*Washington, DC 20044*
*(202) xxxx*

*Of Counsel:*

JONATHAN KRISCH
*Senior Attorney*
*U.S. Department of Veterans Affairs*

October 8, 2026